■ In the Matter of ESOPUS PROPERTY HOLDERS RESIDING WITHIN THE NEW PALTZ CENTRAL SCHOOL DISTRICT, Respondent, v STIRLING POTTER, as Sole Assessor of the Town of Esopus, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered August 1, 1977 in Ulster County, which, in a proceeding pursuant to CPLR article 78, directed the Town of Esopus to bring an action against the Towns of New Paltz, Rosendale and Gardiner to secure their compliance with section 306 of the Real Property Tax Law and provides for a final judgment annulling the assessment roll of the Town of Esopus for the year 1977-1978 on failure to bring such action within 60 days. The petition sought a judgment setting aside the 1976-1977 property valuation imposed on the Town of Esopus until such time as a system of 100% property valuation for assessment purposes is implemented for all the towns within the New Paltz Central School District, and a further order restoring the 1975-1976 tax levy to the Town of Esopus. It alleges that the taxpayers of Esopus are aggrieved by the inequality of taxes assessed on property holders within the towns of the New Paltz Central School District (see Real Property Tax Law, § 1314, subd 2). Special Term treated the petition as an article 78 proceeding. The questions which may be raised in a proceeding under this article are specified in CPLR 7803. The petitioners are seeking, in effect, to enjoin the town assessor from implementing the mandate of section 306 of the Real Property Tax Law. For the petitioners to prevail they must demonstrate that a body or officer failed to perform a duty enjoined upon it by law or that the body or officer proceeded, is proceeding, or is about to proceed without or in excess of jurisdiction. The relief sought is in the nature of mandamus to compel performance of a nondiscretionary act or in the nature of prohibition. The proceedings before the court failed to disclose facts to justify the relief granted petitioners. To the contrary, the proceedings disclosed that appellant has complied with section 306 of the Real Property Tax Law. The prohibition of the judgment against implementation of the 1977-1978 tax rolls flies in the face of the express direction of section 306 of the Real Property Tax Law as well as the Court of Appeals ruling in *Matter of Hellerstein v Assessor of Town of Islip* (37 NY2d 1). The court further improperly ordered the Town of Esopus to bring an action against the Towns of New Paltz, Rosendale and Gardiner. There is no affirmative duty on the Town of Esopus to compel adjacent towns to comply with section 306 of the Real Property Tax Law. Subdivision 1 of section 65 of the Town Law reads, in pertinent part, as follows: "The town board of any town may authorize and direct any town officer or officers to institute, defend or appeal, in any action or legal proceeding, in the name of the town, as in its judgment may be necessary, for the benefit or protection of the town, in any of its rights or property." This section casts the whole burden of prosecution and defense of actions and proceedings by or against a town or its officers upon the judgment and direction of the town board. This authority is to be utilized in connection with the town's responsibilities as a governmental body. The town has no authority to institute a taxpayer's action on behalf of its citizens and to use town funds for such purpose. To do so would be in derogation of its powers as set out in article 5 of the General Municipal Law. Judgment reversed, on the law and the facts, and petition dismissed, with costs. Kane, J. P., Main, Mikoll and Herlihy, JJ., concur; Larkin, J., not taking part.