OPINION OF THE COURT
Arthur S. Hirsch, J.
Petitioners, in an article 78 proceeding, seek to set aside and declare null and void a vote of the board of directors (HHC) approving the plan of the Mayor’s Health Task Force dated June 20, 1979 on the grounds that the board failed to consult and seek advice of the local hospital community advisory boards as required by HHC’s by-laws and regulations promulgated pursuant to statute.
The Mayor’s Task Force plan recommended the closing of four municipal hospitals and eliminating or curtailing certain other health facilities and services.
Respondent vehemently denies petitioners’ charge that it did not seek nor encourage the community boards’ input and advice before presenting its report. Respondent argues that prior to the submission of the plan to the boards for their vote, public meetings were held, press releases announcing the submission of the task force plan and its purpose were forwarded to the boards and briefing meetings with chairpersons *201 of the community boards were held to discuss the task force’s plan. These communications, among others, respondent claims, constitute not only notification of its proposed plan, but served as a method of involving the community boards.
Respondent relies on Matter of Bolar v New York City Health & Hosps. Corp. (NYLJ, Nov. 28, 1975, p 8, col 1, affd 52 AD2d 778) to buttress its position. In that case, the HHC did not in any manner consult with petitioners, the Harlem Hospital Center Community Board, as required by the same by-laws relevant in the instant proceeding. Mr. Justice Nathaniel T. Helman, in Bolar, succinctly stated that, "While statute and by-laws authorize such consultation, they do not mandate that the advice of the community board be sought.” (NYLJ, Nov. 28, 1975, p 8, col 2.)
In response, petitioners bring to the court’s attention Friedman v New York City Health & Hosps. Corp. (Supreme Ct, Queens County, No. 6583/78, July 27, 1978, Lerner, J.), determined subsequent to Bolar, in which the court stated that it approved of the conclusion, drawn in the Bolar case (and other cited cases), that a community board may not be given authority exclusively designated to the HHC, but the Queens Supreme Court nevertheless found that the HHC is required by law to consult with the community boards. While these two decisions appear to have divergent views, this court believes that neither are in direct point with the instant matter.
Despite respondent’s claims that no effort was made to elicit suggestions or advice from the community boards prior to the submission of the specific plan, still, the community boards were notified that two public hearings would be held on the issue of reducing services. Their comments on the issue, while limited to three minutes per speaker, were nevertheless solicited, with a long list of community boards speakers. Nor can it be claimed that the plan came as a surprise. There was sufficient newspaper coverage and other publicity which had to make the community and the boards cognizant of the plan in the offing concerning the closing of the hospitals long before the date the HHC board voted its approval.
Petitioners obviously do not like the manner and extent to which they were consulted on the specific plan. While it may be argued that the Legislature intended a greater participation by community boards, their involvement in this matter fulfills the mandate of the law. Of salient interest is that the *202 communities’ objections, loudly voiced, have not gone unheard and, as of this date, the plan has not been implemented. The community boards, through process different than they may have anticipated, have been effective in highlighting community opinion and in having further consideration given to the merits or faults of the task force’s plan. The court notes that in a recent newspaper article, the Mayor’s office has stated that the plan was "not etched in stone” and was still subject to eventual modification. The court believes that the spirit of the law, in requiring the community boards’ input and advice, has been fulfilled.
Petition dismissed.