■ In the Matter of ADIRONDACK PARK LOCAL GOVERNMENT REVIEW BOARD, Respondent, et al., Petitioner, v ADIRONDACK PARK AGENCY, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered November 24, 1981 in Essex County, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the production of papers pursuant to article 6 of the Public Officers Law. The dispositive issue on this appeal is whether petitioner Adirondack Park Local Government Review Board (board) has the capacity to institute an action or other legal proceeding. We hold that it does not. The board was created by section 803-a of the Executive Law "[f]or the purpose of advising and assisting the Adirondack Park Agency in carrying out its functions, powers and duties" (Executive Law, § 803-a, subd 1). Nothing in that statute, or any other provision of the Executive Law, expressly confers upon the board the authority to commence an action or proceeding. In contrast, section 804 of the Executive Law, which sets forth the general powers and duties of the Adirondack Park Agency, specifically provides that the agency shall have the power to sue and be sued (Executive Law, § 804, subd 1). In our view, this case is indistinguishable from *Matter of Pooler v Public Serv. Comm.* (58 AD2d 940, affd 43 NY2d 750), where this court held that the State Consumer Protection Board lacked the capacity to institute an action or proceeding. There, as here, the relevant statute contained no express authority to do so, and no such authority was found to exist by necessary implication from those powers set forth by the Legislature. Here, the powers specified by the Legislature involve advising and assisting the Adirondack Park Agency, monitoring the administration and enforcement of the Adirondack Park Land Use and Development Plan, and reporting thereon to the Governor, the Legislature and certain local governments. It is not necessary in order to carry out these powers that the board also have the power to sue. "Had the Legislature meant to give the board the status of a separate legal being with the right to initiate litigation in pursuit of its purposes, that intention would surely have been manifested in the legislation by which it was created" (*Matter of Pooler v Public Serv. Comm., supra,* p 940). Petitioner's reliance upon section 89 (subd 4, par [b]) of the Public Officers Law is misplaced. That statute confers standing upon any person denied access to certain records to maintain an article 78 proceeding. Irrespective of standing, however, an entity seeking to institute litigation must have the capacity to do so (*Matter of Pooler v Public Serv. Comm., supra*). Finally, we note that the individual petitioner is acting in his role as counsel to petitioner Adirondack Park Local Government Review Board and, therefore, his capacity to sue is no greater than that of the board. Having concluded that petitioners lack the capacity to institute this article 78 proceeding, we need reach no other issue. The judgment should be reversed and the petition dismissed. Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.