■ In the Matter of ALLEN GROUP, INC. (ALLEN TESTPRODUCTS DIVISION), Respondent, v PATRICIA B. ADDUCI, as Commissioner of the New York State Department of Motor Vehicles, et al., Appellants.—Weiss, J. Appeal, by permission, from an order of the Supreme Court (Conway, J.), entered March 25, 1987 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition.

The underlying facts are set forth in our prior determination dismissing petitioner's challenge to a "request for proposal" (RFP) for exhaust emission analyzers for the 1987-1992 contract period issued by the Department of Motor Vehicles (DMV) in conjunction with the Department of Environmental Conservation (see, Matter of Allen Group [Allen Testproducts Div.] v Adduci, 123 AD2d 91, 93, lv denied 69 NY2d 610). While that appeal was pending, petitioner commenced the instant CPLR article 78 proceeding, in which the Attorney-General and Comptroller were added as respondents, seeking (1) to prevent any award of a new six-year contract under the RFP and (2) to compel removal of the previous holder of the contract, Hamilton Test Services (Hamilton), from the list of eligible bidders on the ground of alleged improper conduct of a DMV Deputy Commissioner and an official of a service station association who was a member of the RFP evaluation committee. Supreme Court denied respondents' motion to dismiss the petition, holding that substantial questions of fact as to issues of fraud and conspiracy had been raised, and ordered respondents to serve an answer. Instead of answering, respondents obtained permission on June 2, 1987 from a Justice of this court for leave to appeal the order. In the interim, on May 11, 1987 respondents announced the withdrawal of the contested RFP, soliciting bids for new emission system analyzers only.

Initially, we observe that by virtue of respondents' withdrawal of the contested RFP, petitioner's first prayer for relief relative to the RFP has been rendered moot (see, Matter of Bush Term. Roofing & Contr. v Board of Educ., 91 AD2d 662). Mandamus is simply not available to determine a moot question (see, Cosgrove v Hanson, 58 AD2d 911). Nor are we persuaded that an exception to the mootness doctrine compels us to review this aspect of the petition (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714).

Insofar as petitioner seeks the removal of Hamilton as an eligible bidder, however, the petition remains viable and must be addressed *(see, Cornell Univ. v Bagnardi,* 68 NY2d 583, 592).* Respondents' assertion that this challenge is precluded on the basis or res judicata or collateral estoppel is not persuasive. The record indicates that when petitioner initiated the first proceeding, it did not possess the facts necessary to assert the instant claims of fraud. Thus, the former judgment does not serve to bar these claims *(see, Smith v Russell Sage Coll.,* 54 NY2d 185; *see also,* Siegel, NY Prac § 447 [1987 supp]). Nor does the failure to join Hamilton as a necessary party necessitate the automatic dismissal of the petition *(see,* CPLR 3211 [a] [10]; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1003.05). Nonetheless, petitioner's claim lacks substantive merit for mandamus does not lie to compel the performance of an act, the exercise of which is discretionary *(see, Klostermann v Cuomo,* 61 NY2d 525, 539). The determination of who is and who is not a responsible bidder unquestionably involves the exercise of discretion *(see, Mason Stationery Prods. v State of New York,* 65 AD2d 859). We note that respondents can and should consider any past conduct in making their decision as to whether Hamilton is a responsible bidder *(see, Matter of Callanan Indus. v White,* 118 AD2d 167, 169-170). Accordingly, the petition must be dismissed.

Order reversed, on the law, without costs, motion granted and petition dismissed. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.