■ In the Matter of ALLEN GROUP, INC. (ALLEN TESTPRODUCTS DIVISION), Respondent, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Appellants.—Mahoney, P. J. Appeal from that part of a judgment of the Supreme Court (Hughes, J.), entered February 2, 1988 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, directing respondents to turn over to petitioner an investigative report of the State Inspector-General.

When petitioner was an unsuccessful bidder in 1980, and again in 1985, to supply respondent Department of Motor Vehicles with automobile emission analyzers, it made allegations that the bidding process was flawed in that State employees had engaged in corrupt conduct in awarding the contract to another bidder (see, Matter of Allen Group v Adduci, 136 AD2d 803; Matter of Allen Group v Adduci, 123 AD2d 91, lv denied 69 NY2d 610). The State Inspector-General conducted an investigation and cleared State employees of any wrongdoing. Thereafter, petitioner, acting under the Freedom of Information Law (hereinafter FOIL), requested a copy of the investigative report and related documents. The request was denied on the ground that the documents were exempt as interagency materials (see, Public Officers Law § 87 [2] [g]). After petitioner's administrative appeal was denied, it commenced this CPLR article 78 proceeding seeking full disclosure of the Inspector-General's report. Supreme Court granted the requested relief and this appeal ensued.*

Relying on Matter of Capital Newspapers v Burns (67 NY2d 562), Supreme Court directed respondents to turn over the full investigative report of the Inspector-General. In Capital Newspapers, the Court of Appeals recognized that FOIL imposes a broad standard of disclosure upon the State and its agencies and provides that all records of a public agency, except, inter alia, delineated intraagency and interagency materials (see, Public Officers Law § 87 [2] [g]), are presumptively open to public inspection (Matter of Capital Newspapers v Burns, supra, at 565-566). Further, the court reiterated that exemptions from disclosure are to be narrowly construed and the agency seeking exemption has "the burden of demonstrating that the requested material falls squarely within a FOIL

---

* Petitioner also sought reasonable counsel fees and costs (see, Public Officers Law § 89 [4] [c]). There is no appeal from that part of the judgment denying such relief.

exemption" *(supra,* at 566). Here, Supreme Court found that respondents' opposition, which consisted of an answer setting forth general denials and an affirmative defense which merely stated respondents' conclusory allegation that "[t]he materials sought are exempt from disclosure", was totally inadequate to permit the conclusion that respondents sustained their burden of showing that the requested material fell within a statutory exemption.

We concur in Supreme Court's conclusion that respondents' evidentiary submission in opposition to petitioner's FOIL request was in and of itself inadequate to support an exemption from disclosure. Respondents' conclusory allegations do not satisfy the agency's burden to particularize that the material requested falls within the ambit of the statutory exemption *(see, Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 83). We disagree, however, with Supreme Court's denial of an in camera inspection. The Court of Appeals has directed that the proper procedure for reaching a determination is an in camera inspection even where the agency has not demonstrated as a matter of law that the requested materials are interagency or intraagency materials or, if so, that they are not statistical or factual tabulations, instructions to staff that affect the public, or final agency policy or determinations *(supra).*

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.