JAMES W. COOPER, Appellant, v JOHN E. WERTIME, as Treasurer of the County of Warren, et al., Respondents.

Third Department, November 29, 1990

APPEARANCES OF COUNSEL

*James W. Cooper,* appellant *pro se.*
*Richard E. McLenithan* for respondents.

## OPINION OF THE COURT

HARVEY, J.

A discussion of the events leading up to the commencement of this action requires a brief description of the duties and composition of the Adirondack Park Local Government Review Board (hereinafter the Review Board). As part of the Adirondack Park Agency Act (Executive Law art 27) (hereinafter the Act), the Legislature created the Review Board in 1973 for the principal purpose of giving local government a role in monitoring, advising and assisting the Adirondack Park Agency (hereinafter the Agency) (Executive Law § 803-a [1], [7]; see, Matter of Adirondack Park Local Govt. Review Bd. v Adirondack Park Agency, 89 AD2d 642). The Agency had earlier been created to protect the State and private lands lying within the Adirondack State Park area principally from "encroachments sought through local land use regulatory authorities" (Matter of Long v Adirondack Park Agency, 151 AD2d 189, 192, affd 76 NY2d 416; see, Executive Law § 801). The Review Board consists of 12 members or representatives, each of whom is a resident of a separate county wholly or partly within the park (Executive Law § 803-a [1]). At one point following its creation, the Review Board apparently considered it necessary to hire an Executive Director and part-time secretary. The Review Board also incurred expenses for the operation of a permanent office. Since no State funding was provided to the Review Board, each county which is a member of the Review Board was assigned a proportionate share of the expenses and the contributions were placed in a joint account. The fund is administered by defendant Washington County Treasurer. Aside from using the fund to defray operating costs and salaries for the permanent office, the Review Board also began soliciting funds from its member counties to pay the expenses of legal studies concerning the Act itself as well as its administration.

In June 1987 plaintiff, a taxpayer of defendant Warren County, commenced this action pursuant to General Municipal Law § 51 seeking a judgment restraining and enjoining defendants from allegedly committing a waste of public funds. According to plaintiff, the Review Board has unlawfully utilized moneys from the member counties, inter alia, to attempt to encourage litigation having the ultimate purpose of having

the Act declared unconstitutional and has arranged meetings between attorneys and potential private litigants for that purpose. Plaintiff asserts that these actions occurred with the full knowledge of Warren County officials. Following joinder of issue, defendants moved for summary judgment and plaintiff cross-moved for the same relief. Supreme Court granted summary judgment in favor of all defendants and dismissed the complaint. Plaintiff now appeals.

We reverse. We find that no material questions of fact have been presented herein and that plaintiff's summary judgment motion should have been granted as a matter of law. Plaintiff correctly alleges that Warren County's expenditure of county funds to pay for efforts to research a challenge against the Agency was a use of public funds for improper purposes.

To be legally sufficient, a cause of action predicated on General Municipal Law § 51 must seek redress for acts which are fraudulent or a waste of public funds in the sense that they represent the use of public funds for entirely illegal purposes (see, Mesivta of Forest Hills Inst. v City of New York, 58 NY2d 1014, 1016; Starburst Realty Corp. v City of New York, 125 AD2d 148, lv denied 70 NY2d 605). As the record shows, the county was aware that $6,000 of its $14,000 annual appropriation to the Review Board was earmarked to assist in a contemplated lawsuit against the Agency. Although the Review Board clearly has no capacity to sue or be sued (see, Matter of Adirondack Park Local Govt. Review Bd. v Adirondack Park Agency, 89 AD2d 642, supra), the Review Board has nonetheless apparently taken steps to circumvent this mandate and still achieve its purpose by recruiting the assistance of law firms to undertake legal research and making the results of this research available to any entity willing to commence an action. Such expenditures by Warren County to the Review Board's legal research firm for use in private litigation clearly violates NY Constitution, article VIII, § 1, which prohibits a municipality from giving or loaning its money to an individual. Although a municipality may make a gift of its money to a public entity (see, NY Const, art VIII, § 1; cf., Comereski v City of Elmira, 308 NY 248), Warren County cannot use its public funds to ultimately aid a private plaintiff in litigation (see, 16 Opns St Comp 1960, at 432; see also, Corning v Village of Laurel Hollow, 48 NY2d 348).

As a final matter we must briefly address the request in plaintiff's complaint that defendant Warren County Treasurer be restrained from paying any Warren County funds to the

Review Board for its actual and necessary operating expenses until the same are vouchered by the Review Board to Warren County. The practical difficulties of administering such a scheme are apparent. The present system where all the counties agree to make annual budget allocations to be deposited with the Washington County Treasurer to pay Review Board expenses following an audit of Review Board vouchers by Washington County makes more sense. Since the counties chose to designate one county to be the custodian of the fund (cf., County Law § 225 [3]), it would serve little purpose and would cause unnecessary confusion to order each county to perform the task separately.

MAHONEY, P. J., KÀNE, WEISS and LEVINE, JJ., concur.

Order reversed, on the law, without costs, by denying defendants' motions, granting plaintiff's cross motion and awarding summary judgment to plaintiff in accordance with this court's decision.