■ INCORPORATED VILLAGE OF NORTHPORT et al., Respondents, v TOWN OF HUNTINGTON, Appellant. [604 NYS2d 587] —In an action, *inter alia,* for a permanent injunction and a declaration that Local Laws, 1992, No. 5 of the Town of Huntington, is unconstitutional under the Equal Protection Clause of the United States and New York State Constitutions, the defendant appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated April 28, 1993, which denied its motion to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of the defendant's motion which was to dismiss the complaint insofar as it is asserted by the plaintiff Village of Northport and the individual plaintiffs in their capacities as trustees, and substituting therefor a provision granting that branch of the defendant's motion, and the complaint, insofar as it is asserted on behalf of the individual plaintiffs in their individual capacities is severed; as so modified, the order is affirmed, without costs or disbursements.

This action involves a solid waste generation fee which was imposed by the Town of Huntington upon property owners of the plaintiff Incorporated Village of Northport by virtue of the Town's enactment of Local Laws, 1992, No. 5 of the Town of Huntington (hereinafter the Local Law). The plaintiffs in this action are the Village, and individual plaintiffs, who allege that they are both duly elected trustees of the Village, as well as residents and property owners.

The Local Law was enacted pursuant to waste control legislation which provides that all solid waste generated within the Town shall be disposed of exclusively at the Town facility. Village property owners are charged a solid waste carting service fee through annual Village taxes. By virtue of the Local Law, the Town imposed an additional flat fee on residential and commercial properties, in accordance with the assessed valuations of the properties in the Village. According to the allegations of the complaint, none of the property owners in the Town's four refuse districts are charged twice for garbage disposal in this manner. In addition, the plaintiffs alleged that: (1) the Town accepted solid waste generated within the Town of Smithtown without charging those property owners a solid waste generation fee, and (2) the Local Law imposed a solid waste generation fee without regard to the amount of waste actually generated.

Based upon these allegations, the plaintiffs interposed two

causes of action against the Town. The first cause of action alleged that the Local Law deprived the residents of the Village of the equal protection of the laws under the United States and New York State Constitutions. The second cause of action sought a permanent injunction to enjoin the collection of fees under the Local Law and to prevent the Town from placing liens on the property of persons who fail to pay the fees pursuant to the Local Law.

The Supreme Court denied the Town's motion to dismiss the complaint pursuant to CPLR 3211, finding, in pertinent part, that the Village had standing to sue by virtue of Village Law § 4-412 and because the Village was acting in its *parens patriae* capacity to protect the property of its inhabitants. We disagree.

Village Law § 4-412 (1) provides that the Village Board of Trustees shall have powers related to the "management of village property and finances" and may "take all measures and do all acts, *by local law*" which are expedient and desirable for the "safety health, comfort and general welfare of its inhabitants" and "the protection of [the inhabitants'] property" (emphasis added). The plain language of this statute merely confers upon the Village Board of Trustees the general power to adopt local laws, provided that such local laws are not inconsistent with the Constitution or the general laws of the State *(see,* 1978 Opns Atty Gen [Inf Opns] 111, 112). Pursuant to Village Law § 4-400 (1) (d), it is the responsibility of the Mayor, at the direction of the Board of Trustees, "to institute * * * all civil actions in the corporate name of the village" (Village Law § 4-400 [1] [d]). Thus, the individual plaintiffs, in their capacity as trustees, had no power to commence this action on behalf of the Village for the benefit of its inhabitants *(see,* Village Law § 4-400 [1] [d]; *see also, Dour v Village of Port Jefferson,* 89 Misc 2d 146; *Village of Mount Morris v Pavilion Natural Gas Co.,* 183 NYS 792, *affd* 196 App Div 918).

While we recognize that villages may have standing to sue in appropriate cases *(see,* NY Const, art X, § 4; art IX, § 2 [c] [8]; Village Law § 4-412), we find that in this case the Village failed to demonstrate standing. It is well settled that a municipality cannot "use its public funds to ultimately aid a private plaintiff in litigation" *(Cooper v Wertime,* 164 AD2d 221, 223), and that a municipality has no authority to institute a taxpayers' action on behalf of its citizens or to use municipal funds for such a purpose *(see,* General Municipal Law § 51; *Corning v Village of Laurel Hollow,* 48 NY2d 348, 351-352; *Matter of*

*Esopus Prop. Holders Residing Within New Paltz Cent. School Dist. v Potter,* 60 AD2d 948; *see also,* NY Const, art VIII, § 1; Municipal Home Rule Law § 2 [8]; General Municipal Law § 119-n [a]; *Pennsylvania v New Jersey,* 426 US 660, 665-666; 1988 Opns St Comp No. 88-19, at 34; 1984 Opns St Comp No. 84-17, at 22; 1979 Opns St Comp No. 79-651, at 127).

In this case, nothing more is involved than a collection of private suits seeking to prevent the imposition of the fee imposed by the Town's Local Law on the private property owners in the Village *(compare, Pennsylvania v New Jersey, supra,* at 666). The protection of the public property belonging to all of the inhabitants of the Village is not implicated in this action *(see, e.g., Matter of International Ry. Co. v Rann,* 224 NY 83, 89-90), nor is there any indication that the Village is acting to protect the health, safety, or welfare of its inhabitants by commencing this action *(see, e.g.,* 19 Opns St Comp, 1963, at 324-325). In the absence of such interests, and in the absence of any implication of the sovereign or quasi-sovereign interests of the Village *(see, Pennsylvania v New Jersey, supra,* at 665; *River Vale Twp. v Town of Orangetown,* 403 F2d 684, 686-687; *Riley v County of Monroe,* 55 AD2d 91, 92-93, 96, *affd* 43 NY2d 144; *Village of Haverstraw v Eckerson,* 124 App Div 18, 20, *affd* 192 NY 54), we find that the Village has no standing to maintain this action. Accordingly, the Town's motion to dismiss should have been granted with respect to the Village and to the individual plaintiffs insofar as they are acting in their capacities as trustees of the Village. In light of this finding, we need not reach any of the Town's other contentions regarding the propriety of the Village's equal protection claim.

Finally, we agree with the finding of the Supreme Court that the plaintiffs, acting in their individual capacities as residents and taxpayers, have standing to raise a cause of action for a permanent injunction.

We have considered the remaining contention of the Town and find it to be without merit. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.