■ In the Matter of PAUL M. FISHEL, Individually and as Assessor of the Town of Oswegatchie, et al., Appellants, et al.,

Petitioner, v Joseph M. Gaffney, Jr., Individually and as a Small Claims Assessment Review Hearing Officer, et al., Respondents. [637 NYS2d 504] —Casey, J. Appeal from that part of an order of the Supreme Court (Demarest, J.), entered May 2, 1995 in St. Lawrence County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition of petitioners Paul M. Fishel and the Town of Oswegatchie due to lack of standing.

At issue in this appeal is whether a municipality and its assessor have standing to seek judicial review of determinations rendered in small claims assessment review proceedings commenced by aggrieved property owners pursuant to RPTL article 7. RPTL 736 (2) authorizes only the property owner who filed the small claims petition to seek judicial review of the determination rendered in the small claims assessment review proceeding. We agree with Supreme Court that the limited authorization for judicial review contained in RPTL 736 (2) precludes a municipality and its assessor from seeking such review (see, Matter of Village/ Town of Scarsdale v Moore, 200 AD2d 623, 624, lv denied 84 NY2d 805). Based upon the clear expression of legislative intent embodied in RPTL 736 (2), we reject petitioners' argument that their claim of a denial of due process in the small claims assessment review proceedings is sufficient to confer standing. Under traditional rules, there are three criteria that must be met to confer standing (see, Matter of Axelrod v Sobol, 78 NY2d 112, 115), and petitioners cannot meet the third requirement that there be no clear legislative intent negating review.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.