■ In the Matter of QUEENS HOSPITAL CENTER COMMUNITY ADVISORY BOARD et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [642 NYS2d 236] —Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered October 13, 1995, which denied petitioners' application and dismissed the petition brought pursuant to CPLR article 78 seeking to compel respondents to engage in "meaningful consultation" with the Queens Hospital Center Community Advisory Board (QHCCAB) regarding the determination by the Health and Hospitals Corporation (HHC) to privatize Queens Hospital Center through sale, lease or other transfer of management or operation, unanimously affirmed, without costs.

The IAS Court properly determined that the QHCCAB and petitioners Lancman and Orr lacked capacity and standing to bring suit pursuant to McKinney's Unconsolidated Laws of NY § 7384 (11) (New York City Health and Hospitals Corporation Act § 4 [11] [L 1969, ch 1016, § 1, as amended]). The right of a government agency to bring suit, if it exists at all, must be derived from express enabling legislative authority or some other concrete statutory predicate, either explicitly or by necessary implication (*Community Bd. 7 v Schaffer*, 84 NY2d 148, 155-156). The HHC Act, the statute mandating establishment of advisory boards, such as the QHCCAB, as an advisory body

for each hospital, does not expressly, or by necessary implication, confer upon QHCCAB the authority to commence an action or proceeding to judicially enforce its view of the extent to which it should be consulted or its advice sought in the event of a dispute (*see, City of New York v State of New York*, 86 NY2d 286, 293; *Matter of Darlington v City of Ithaca*, 202 AD2d 831, 832-833).

The IAS Court also properly determined that petitioner Lancman, who appears solely as Chairperson of QHCCAB, lacks capacity and standing to bring suit since his capacity to sue is no greater than that of QHCCAB (*Matter of Adirondack Park Local Govt. Review Bd. v Adirondack Park Agency*, 89 AD2d 642).

Similarly, petitioner Orr, who seeks to bring suit in her capacity as a QHCCAB member and in her individual capacity as a consumer of Queens Hospital Center medical services, lacks standing to bring suit since the consultative and informational relief on the issue of the privatization of the Queens Hospital Center sought by petitioner Orr is identical to the relief sought by QHCCAB (*see, Cooper v Wertime*, 164 AD2d 221, *lv denied* 78 NY2d 854; *Matter of Association of Bds. of Visitors v Prevost*, 98 AD2d 260, 263), and since the damages which petitioner Orr is alleged to face as a patient in the outpatient clinics of the Queens Hospital Center and as an ultimate consumer of medical services, equating lesser consultation between HHC and QHCCAB with reduced and inferior medical services, are too remote and speculative to form any predicate to confer individual standing to sue (*see, Society of Plastic Indus. v County of Suffolk*, 77 NY2d 761, 772-774; *Matter of Professional Ins. Agents v New York State Ins. Dept.*, 197 AD2d 258, 261).

Even assuming that some level of consultation between HHC and QHCCAB is mandated and judicially enforceable, however, the record reveals that the IAS Court properly concluded that injunctive relief was not warranted since the actions taken by respondents were preliminary in nature and did not set an irrevocable course towards the privatization of Queens Hospital Center, and that, in that light, HHC had, to date, undertaken reasonable, appropriate efforts to inform QHCCAB of the status of the privatization planning efforts (*cf., Gaynor v Rockefeller*, 15 NY2d 120, 131; *see, Matter of Council of Mun. Hosp. Community Bds. v New York City Health & Hosps. Corp.*, 101 Misc 2d 200).

We have considered petitioners' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.