■ THOMAS S. GULOTTA et al., Appellants, v STATE OF NEW YORK et al., Respondents. [645 NYS2d 41]

The Counties of Nassau, Monroe, and Ulster, and their County Executives, in their official capacity and as residents and taxpayers of the Counties, brought this action against the State of New York and various State officials. The plaintiffs alleged that the system of State mandates—various laws which require the Counties to make expenditures—violates the United States and New York State Constitutions. The State moved pursuant to CPLR 3211 to dismiss the complaint, *inter alia,* on the ground that the plaintiffs lacked standing. Although the Supreme Court noted that the issue of standing was troublesome, it assumed that at least some of the plaintiffs had the requisite standing to bring this action and addressed the merits of the plaintiffs' allegations. We find that the Supreme Court erred in failing to dismiss the complaint on the ground of lack of standing.

Generally, municipalities and other local governmental corporate entities and their officers lack the capacity to mount constitutional challenges to acts of the State and State legislation *(see, City of New York v State of New York,* 86 NY2d 286, 289; *Town of Black Brook v State of New York,* 41 NY2d 486, 488). The only exceptions to the general rule barring local governmental challenges to State legislation are: (1) an express statutory authorization to bring such a suit, (2) where the State legislation adversely affects a municipality's proprietary interest in a specific fund of money, (3) where the State statute impinges upon "Home Rule" powers of a municipality which are constitutionally guaranteed under article IX of the State Constitution, and (4) where the municipal challengers assert that if they comply with the State statute they will be forced to violate a constitutional proscription *(see, City of New York v State of New York, supra,* at 292-293; *County of Rensselaer v Regan,* 80 NY2d 988; *Matter of Jeter v Ellenville Cent. School Dist.,* 41 NY2d 283, 287; *Board of Educ. v Allen,* 20 NY2d 109, *affd* 392 US 236; *Town of Black Brook v State of New York, supra; County of Albany v Hooker,* 204 NY 1, 9). None of these exceptions apply to the instant case. Thus, the Counties and the County Executives, in their official capacity, lack the legal capacity to bring this suit.

Moreover, a municipality has no authority to institute a taxpayers' action on behalf of its citizens or to use municipal funds for such a purpose *(Incorporated Vil. of Northport v Town of Huntington,* 199 AD2d 242, 243; *Cooper v Wertime,* 164 AD2d 221, 223).

Because the complaint should have been dismissed for lack of standing, the Supreme Court erred in addressing the merits. Accordingly, the judgment is modified to delete the declaration that the laws are constitutional. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.