■ In the Matter of TOWN OF ROXBURY et al., Appellants, v WILLIAM STEVENS, as Hearing Officer for Small Claims Assessment Review, et al., Respondents. [656 NYS2d 947] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered February 5, 1996 in Delaware County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioners' lack of standing.

Petitioners commenced this CPLR article 78 proceeding seeking to vacate the determination of respondent Small Claims Assessment Review Hearing Officer acting under RPTL article 7 (tit 1-A) who, after a hearing, reduced the real estate tax assessment on property owned by respondents David Leary and Bonnie Leary. Supreme Court dismissed the petition on the basis of petitioners' lack of standing. Petitioners now appeal.

We have previously held that "the limited authorization for judicial review contained in RPTL 736 (2) precludes a municipality and its assessor from seeking [judicial] review" of determinations rendered in small claims assessment review proceedings (*Matter of Fishel v Gaffney*, 224 AD2d 769, 770; *see, Matter of Village/ Town of Scarsdale v Moore*, 200 AD2d 623, *lv denied* 84 NY2d 805). As such, petitioners' application was properly dismissed.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.