■ In the Matter of the Town of Riverhead et al., Petitioners, v New York State Board of Real Property Services et al., Respondents. [777 NYS2d 533]—

Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to RPTL 1218) to review a determination of respondent State Board of Real Property Services which set a segment special equalization rate for a portion of respondent Town of Southampton located in respondent Riverhead Central School District.

Respondent Town of Southampton submitted an application to respondent State Board of Real Property Services (hereinafter Board) for a segment special equalization rate pursuant to RPTL 1226 (2), requesting a special rate for property located within Southampton that is part of respondent Riverhead Central School District. The district covers portions of three towns, Southampton, respondent Town of Brookhaven, and petitioner Town of Riverhead. After providing notice and opportunity for all those interested to be heard, the Board granted Southampton's request and adopted a resolution establishing a segment special equalization rate for the affected area. Petitioners commenced this proceeding in this Court pursuant to RPTL 1218, seeking a judgment annulling the Board's resolution.

We now dismiss the petition because Riverhead lacks capacity

to institute this proceeding and both petitioners lack standing. Capacity "concerns a litigant's power to appear and bring its grievance before the court" (*Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155 [1994]). Governmental entities created by legislative enactment, such as towns, are artificial creatures of statute lacking any inherent or common-law right to sue (*see id.* at 155-156). A town's right to sue, if it exists, is derived from legislation (*see id.* at 156). The broad grant of authority of Town Law § 65 (1) to sue in furtherance of the town's general municipal responsibilities is insufficient to imply authority to bring suit against the state itself (*see City of New York v State of New York*, 86 NY2d 286, 293 [1995]), and none of the exceptions to this general rule applies in this case (*see id.* at 292). Nor is Riverhead aided by RPTL 1218, the sole statutory provision authorizing a challenge to a Board determination regarding equalization rates. That statute provides that this Court may review a final determination of the Board "upon application of the county, city, town or village for which the rate or rates were established" (RPTL 1218). The statute's plain language creates capacity to sue only for the municipality whose equalization rate was established. As no statute authorizes Riverhead to challenge the Board's determination of Southampton's equalization rate, Riverhead lacked the capacity to initiate this proceeding.

Furthermore, both petitioners lack standing. The statute which creates a right to challenge governmental action may answer the question of standing by identifying the class of individuals entitled to seek such review (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [1991]). As noted above, RPTL 1218 confers the right to review only upon the municipality whose equalization rate was established, not upon neighboring towns or property owners in other towns. Neither petitioner falls within the statute's limited class authorized to challenge the Board's determination (*compare Matter of Town of Roxbury v Stevens*, 237 AD2d 860 [1997]; *Matter of Fishel v Gaffney*, 224 AD2d 769, 770 [1996]).

In addition to falling outside the statutorily authorized class, petitioners failed to establish common-law standing. To establish standing, a party must establish an injury in fact which falls within the zone of interests sought to be promoted by the statutory provision under which the agency acted (*see Society of Plastics Indus. v County of Suffolk, supra* at 773), and that there is no legislative intent negating review (*see Matter of Axelrod v Sobol*, 78 NY2d 112, 115 [1991]; *Matter of City of New York v City Civ. Serv. Commn.*, 60 NY2d 436, 442-443 [1983];

*Matter of Fishel v Gaffney, supra* at 770). Injury in fact requires proof of special harm different in kind and degree from the community in general (*see Matter of Colella v Board of Assessors of County of Nassau,* 95 NY2d 401, 410 [2000]). Neither petitioner asserted any specific harm in the petition. Riverhead will not suffer any actual harm as it does not pay school taxes, the only taxes affected by the segment special equalization rate, nor may a town bring an action to protect or redress wrongs or injuries to individual citizens, including the taxpayers within the town (*see County of Albany v Hooker,* 204 NY 1, 14 [1912]; *Matter of Esopus Prop. Holders Residing Within New Paltz Cent. School Dist. v Potter,* 60 AD2d 948 [1978]). Individual property owners in the district, but outside the Southampton segment, while perhaps suffering the injury of a slightly higher tax burden because of the segment special equalization rate, cannot demonstrate a special harm different from that suffered by the community in general. We have previously held that individual taxpayers lack standing to challenge the methodology the Board used to calculate equalization rates (*see Rokowsky v State Bd. of Equalization & Assessment,* 172 AD2d 93, 95 [1991]). Based on petitioners' failure to allege or establish any injury in fact, in addition to legislative intent negating review by these petitioners, we must dismiss the petition because neither petitioner has standing.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the petition is dismissed, without costs.