In the Matter of Town of Riverhead et al., Petitioners, v New York State Office of Real Property Services et al., Respondents. [802 NYS2d 698]—

Proceeding pursuant to CPLR article 78 and RPTL 1218 to review a determination of the New York State Board of Real Property Services, dated August 12, 2003, which, inter alia, established a special equalization rate of 2.23 for the 2003-2004 assessment roll of the Riverhead School District segment of the Town of Southampton.

Adjudged that the petition is dismissed, with one bill of costs.

The petition must be dismissed because the petitioner Town of Riverhead lacks capacity to institute this proceeding, and the individual petitioner, Edward Densieski, who owns assessed property within Riverhead, lacks standing (*see Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 5 NY3d 36 [2005]).

Capacity "concerns a litigant's power to appear and bring its grievance before the court" (*Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155 [1994]; *see Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, *supra*; *Silver v Pataki*, 96 NY2d 532, 537 [2001]). Riverhead is a town. It is thus a government entity created by legislative enactment, and an artificial creature of statute lacking any inherent or common-law right to sue (*see Community Bd. 7 of Borough of Manhattan v Schaffer*, *supra* at 155-156). A town's right to sue, if it exists, is derived from legislation (*id.* at 156). In the absence of express statutory authority, or other exceptions to the general rule not present here, a town has no authority to bring suit against the state itself (*see Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, *supra*; *City of New York v State of New York*, 86 NY2d 286, 292 [1995]; *see also Black Riv. Regulating Dist. v Adirondack League Club*, 307 NY 475, 489-490 [1954]; *Matter of County of Oswego v Travis*, 16 AD3d 733 [2005]; *Gulotta v State of New York*, 228 AD2d 555, 556 [1996]; *cf. Matter of Board of Educ. of Roosevelt Union Free School Dist. v Board of Trustees of State Univ. of N.Y.*, 282 AD2d 166 [2001]). Contrary to Riverhead's contentions, neither Town Law § 65 (1) nor RPTL 1218 empower it with the capacity to prosecute this proceeding, and capacity may not be implied by necessity (*see Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, *supra*).

In addition, Densieski lacks standing to sue. In this proceeding, RPTL 1218, which creates a right to seek review of a certain determination made by the New York State Board of Real Property Services (hereinafter the Board), confers that right only upon the municipality whose equalization rate was established, and not upon property owners in other towns (*see Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.,*

*supra; see generally Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 769 [1991]). Hence, Densieski falls outside of the limited class of petitioners authorized by statute. Moreover, Densieski has not established an injury in fact which falls within the zone of interest sought to be promoted by RPTL article 12 (*see Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.,* 7 AD3d 934, 936 [2004], *affd* 5 NY3d 36 [2005]). In any event, an individual taxpayer such as Densieski lacks standing to challenge the methodology employed by the Board to calculate equalization rates, even when those rates are calculated for the municipality in which the taxpayer owns property (*see Ed Guth Realty v Gingold,* 34 NY2d 440, 450 [1974]; *Matter of O'Brien v Assessor of Town of Mamaroneck,* 20 NY2d 587, 596 [1967]; *Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs., supra* at 936; *Rokowsky v State Bd. of Equalization & Assessment,* 172 AD2d 93, 95 [1991]; *Central Buffalo Project Corp. v City of Buffalo,* 74 AD2d 336, 340 [1980], *affd* 52 NY2d 986 [1981]; *860 Exec. Towers v Board of Assessors of County of Nassau,* 53 AD2d 463, 467 [1976], *affd sub nom. Matter of Pierre Pellaton Apts. v Board of Assessors of County of Nassau,* 43 NY2d 769 [1977]).

In light of the foregoing, we do not reach the petitioners' remaining contentions. Schmidt, J.P., S. Miller, Santucci and Mastro, JJ., concur.