In the Matter of Barnett J. Brimberg, Appellant, v Commissioner of Finance of the City of New York et al., Respondents. [852 NYS2d 132]—

Dismissal of the article 78 proceeding was appropriate where petitioner's exclusive remedy for the allegedly improper assessment of his property was a proceeding pursuant to article 7 of the Real Property Tax Law (*see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 204 [1991]; *see also Matter of Brimberg v Commissioner of Fin. of City of N.Y.*, 45 AD3d 506 [2007] [involving petitioner's challenge to the 2003/2004 tax rolls]).

Petitioner's challenges to the methodology employed by respondents in assessing recently renovated properties in tax class one are conclusory and based on speculation (*see Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau*, 202 AD2d 417, 419 [1994], *lv denied* 83 NY2d 757 [1994]). Petitioner provided inadequate evidence supporting his claims in opposition to the cross motion, the data he did submit was unsubstantiated, and he lacks standing to challenge the methodology used to calculate class ratios (*see Matter of Town of Riverhead v New York State Off. of Real Prop. Servs.*, 21 AD3d 1116 [2005]; *Rokowsky v State Bd. of Equalization & Assessment*, 172 AD2d 93, 95 [1991]). Furthermore, petitioner's reliance solely on properties located in a limited portion of New York County to prove his claim of inequality fails since a citywide rate of taxation should be utilized to support such a claim (*see Matter of Rokowsky v Finance Adm'r of City of N.Y.*, 41 NY2d 574, 576-577 [1977]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Gonzalez and Acosta, JJ.