*598 OPINION OF THE COURT
Richard M. Platkin, J.
Petitioner Christine Benedict moves, by order to show cause, for an order and judgment directing respondents to provide her with the opportunity to review, inspect and copy any and all correspondence from Richard Arthur of the Office of the Albany County District Attorney to the Office of the County Comptroller. Respondent E David Soares, the District Attorney of Albany County, cross-moves to dismiss the verified petition.
Background
On April 29, 2008, petitioner, the Minority Leader of the Albany County Legislature, filed a request with respondent Albany County pursuant to the Freedom of Information Law (FOIL) seeking “to review any and all correspondence from Richard Arthur of the District Attorney’s office to the Office of the Albany County Comptroller.” The Office of the Albany County Clerk referred petitioner’s request to the Office of the Albany County District Attorney. By letter dated May 20, 2008, the County Clerk forwarded to petitioner a letter from the District Attorney, dated May 19, 2008, stating that petitioner’s request “is being denied pursuant to Public Officers Law § 87 (2) (g),” a reference to the FOIL exemption for interagency materials.
On June 10, 2008, petitioner appealed the denial of her FOIL request to the Honorable Bryan Clenanhan, the Chair of the Albany County Legislature’s Law Committee and the designated FOIL appeals officer for the County of Albany. By letter dated June 20, 2008, the FOIL appeals officer provided the following response to petitioner:
“I write in response to [the appeal of your] denial of the April 29th request for access to records of the District Attorney. The D.A. responded by letter dated May 19th asserting, without specifics, a blanket invocation of one statutory exemption. No records have been provided for this review.
“It is settled that blanket denials are inconsistent with FOIL and indicate a failure to comply with judicial authority. Comm. On Open Government FOIL-AO-16659; 12579. Accordingly, the records should be disclosed in this matter.
“As FOIL Appeals Officer, I do not have authority to enforce compliance. By copy of this letter to the D.A. staff it is urged that all steps be taken by that *599 office consistent with law.”
Petitioner alleges that on June 23, 2008, the District Attorney sought reconsideration of this determination. The District Attorney provides a somewhat different characterization of this request, directing the court’s attention to a letter of the same date from his office to the County Clerk purporting to “supplement [the] prior denial letter of May 19, 2008.” The letter goes on to state that
“[t]he communications and correspondence between Richard Arthur and the Albany County Comptroller consist of intra-agency inquiries and requests for guidance on various topics of concern to their respective departments. These are communications that are a part of the preliminary discussions necessary to conduct business. As such, they are clearly exempt from disclosure . . . [as] interagency materials which are not final agency policy or determinations. ... I hope this further clarification of our position, which is in no way solely a blanket denial, is sufficient.”
According to petitioner, on or about August 23, 2008, the FOIL appeals officer indicated to her, apparently orally, that he adhered to his prior determination and the District Attorney’s request to withhold the records was denied. Nonetheless, respondents have not provided petitioner with copies of the records responsive to her FOIL request.
By verified petition dated October 14, 2008, brought on by order to show cause dated October 17, 2008, petitioner now seeks an order and judgment directing the District Attorney to provide petitioner with access to any and all correspondence from Richard Arthur of the District Attorney’s Office to the Office of the Albany County Comptroller. Petitioner also seeks an award of costs and attorney’s fees. In response, the District Attorney filed a pre-answer motion to dismiss the petition. This decision and order follows.
Discussion
In moving for dismissal of the petition, the District Attorney first argues that petitioner has failed to exhaust her administrative remedies and that there has been no final agency determination in this matter. According to the District Attorney, petitioner has made no effort, beyond her initial FOIL request, to obtain the requested records from the County Comptroller, despite the fact that her initial FOIL request indicated that the Comptroller may also possess responsive records. Thus,
*600 “[b]ecause the complaining party did not follow up on her request that the Albany County Clerk’s Office obtain these records from the Albany County Comptroller’s Office, or appeal from any constructive denial of her request by that agency, it cannot be said that there has been a final determination in this matter or that the petitioner has exhausted her administrative remedies.” (Affidavit of Christopher D. Horn H 13.)
The court rejects the District Attorney’s contention that petitioner’s failure to pursue disclosure of the subject records from the County Comptroller requires the dismissal of this proceeding. The May 20, 2008 determination of the County Clerk, which advised petitioner of her appeal rights in response to the District Attorney’s refusal to grant her access to responsive records in his possession, plainly constitutes a denial of petitioner’s FOIL request as to such records. Upon such denial, petitioner timely filed an administrative appeal with the designated FOIL appeals officer. Nothing more was required for petitioner to exhaust her administrative remedies with respect to her FOIL claim against the District Attorney.
Insofar as the County Clerk’s FOIL determination can be understood to constitute a constructive denial of access to the same records in the possession of the County Comptroller, petitioner’s failure to exhaust her remedies in that regard merely constitutes an abandonment of that portion of her FOIL request. Indeed, the District Attorney cites no statutory authority or case law in support of his novel proposition that a FOIL requester cannot seek judicial redress for the admitted denial of records merely because the requester failed to pursue her administrative and/or judicial remedies against each and every agency within a political subdivision that might have a copy of such records.[1] The same analysis compels the rejection of the District Attorney’s argument concerning lack of finality.
Second, the District Attorney argues that petitioner has failed to establish two of the prerequisites for issuance of a writ of mandamus to compel. Specifically, the District Attorney contends that petitioner has failed to make a prior demand that respondents comply with the determination of the FOIL ap *601 peals officer (citing Austin v Board of Higher Educ. of City of N.Y., 5 NY2d 430, 442 [1959]; CPLR 217). The District Attorney also contends that petitioner has failed to demonstrate a “clear legal right” to the requested relief, arguing that the records requested by petitioner are exempt from disclosure as nonfinal, interagency materials.
Petitioner rejects, at least implicitly, the District Attorney’s characterization of this proceeding as one in the nature of mandamus to compel. It is petitioner’s contention that in determining her appeal, the FOIL appeals officer was required to “explain in writing . . . the reasons for further denial, or provide access to the record sought” (Public Officers Law § 89 [4] [a]). While the FOIL appeals officer agreed with petitioner that the District Attorney had failed to establish the applicability of the FOIL exemption for interagency materials, he nonetheless failed to provide her access to the records sought. As such, petitioner sues pursuant to Public Officers Law § 89 (4) (b), which provides, in pertinent part:
“[A] person denied access to a record in an appeal determination under the provisions of paragraph (a) of this subdivision may bring a proceeding for review of such denial pursuant to article seventy-eight of the civil practice law and rules. . . . Failure by an agency to conform to the provisions of paragraph (a) of this subdivision shall constitute a denial.”
Neither side cites any case law or other authorities that address the precise situation raised by this application, where a FOIL appeals officer agrees that the requester should be granted access to records, but nonetheless is unable to provide access to such records.[2] Indeed, the FOIL statute does not appear to contemplate such a scenario, since it requires the appeals officer to either (1) explain in writing the reasons for the denial of access to the requested records, or (2) provide access to the record sought (see Public Officers Law § 89 [4] [a]).
Moreover, at least one court has observed that “[r]eview of a FOIL determination . . . does not fall neatly within any of the traditional writs,” explaining as follows:
“Since a FOIL determination is not a judicial-like hearing on a full record, it is not certiorari. A FOIL petitioner does not seek to prohibit a judicial or quasi-judicial body or official from acting without *602 jurisdiction as under prohibition. Since an agency must grant access to nonexempt material it is not mandamus to review, which examines discretionary acts of agencies in a manner comparable to certiorari. Finally, in contrast to mandamus to compel, under which a petitioner must demonstrate a ‘clear legal right’ to the relief requested, in a FOIL case, the agency bears the burden of proving that the material falls within a statutory exemption and at least an initial burden when it denies disclosure on a ground other than a statutory exemption.” (Matter of Harvey v Hynes, 174 Mise 2d 174, 177 [1997] [citations omitted].)
Nonetheless, the court agrees with petitioner that the instant proceeding most appropriately is viewed as one brought pursuant to Public Officers Law § 89 (4) (b). Having requested records pursuant to FOIL and been denied access to those records, the literal language of the FOIL statute gives petitioner the right to initiate a CPLR article 78 proceeding to obtain judicial review. Moreover, any legal duty that respondents have to disclose the requested records is derived from FOIL, which includes a comprehensive statutory scheme for administrative and judicial review of agency determinations to withhold records.
Thus, there is no requirement that petitioner make any further demand of respondents prior to commencing a proceeding under Public Officers Law § 89 (4) (b). Nor is there a requirement that petitioner demonstrate a “clear legal right” to the relief she seeks. Rather, it is respondents’ burden in this proceeding to prove the applicability of the exemption for inter-agency materials with respect to each withheld record (see Public Officers Law § 89 [4] [b]). The District Attorney’s conclusory invocation of the exemption for interagency materials clearly is insufficient to meet this burden (see e.g. Matter of Allen Group [Allen Testproducts Div] v New York State Dept, of Motor Vehs., 147 AD2d 856, 857 [3d Dept 1989]).
In any event, accepting respondents’ characterization of this proceeding as one in the nature of mandamus to compel would not result in the granting of the District Attorney’s motion to dismiss the petition. As to the issue of a demand, the court is satisfied that petitioner’s FOIL request is the only demand required. FOIL neither contemplates nor requires anything more. Indeed, petitioner’s filing of a demand could be viewed by the District Attorney as a new FOIL request, thus potentially running afoul of the general proscription against successive *603 FOIL requests for the same agency records. With respect to the issue of “clear legal right,” respondents’ conclusory invocation of the interagency exemption is insufficient to call into question petitioner’s right to obtain access to the requested records.[3]
Conclusion
Based on the foregoing, the court concludes that the District Attorney’s motion to dismiss the petition must be denied.
As to the next steps in the proceedings, petitioner’s counsel argues, with considerable force, that judgment should be entered in his client’s favor, despite the fact that respondents have not yet answered the petition. After all, the conclusory assertions that the District Attorney presented to the court in seeking dismissal of the petition, which clearly are insufficient to meet his burden of demonstrating that each and every record sought by petitioner is entirely exempt from disclosure, is the same proof presented to the FOIL appeals officer. Further, to the extent that the District Attorney may seek to bolster his claim of exemption through submission of additional proof, he necessarily will be forced to go outside the administrative record and rely upon evidence that the appeals officer did not consider in the first instance. And conspicuously absent from the District Attorney’s submissions is even the slightest hint of the legal basis for refusing to abide by the direction of his agency’s duly designated FOIL appeals officer.
That said, the fact remains that the District Attorney has not yet filed an answer to the petition, and CPLR 7804 (f) provides that upon the denial of a pre-answer motion to dismiss, the *604 court shall permit respondent to answer. While the court is cognizant that it has the authority to dispense with that requirement in appropriate cases, it declines to do so here (see Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y., 8 NY3d 1001 [2007]; cf. Matter of New York Civ. Liberties Union v New York City Police Dept., 20 Misc 3d 1108[A], 2008 NY Slip Op 51279[U] [Sup Ct, NY County 2008]). On the motion to dismiss, at least as framed by the District Attorney, he had only the minimal burden of casting some doubt as to petitioner’s right to obtain access to the requested records, whereas in any further proceedings, it will be his far more substantial burden to demonstrate an entitlement to the claimed FOIL exemption.
Under these circumstances, the court will not deprive respondents of the right to answer the petition and have further proceedings conducted in accordance with CPLR 7804 (f).[4]
Accordingly, it is ordered that the motion of the District Attorney to dismiss the petition is denied; and it is further ordered that respondents shall answer the petition, and further proceedings shall be conducted, in accordance with CPLR 7804 (f).

. Moreover, in light of the District Attorney’s assertion that the subject records, authored by a member of his staff, are protected by the exemption for interagency deliberative materials, the District Attorney presumably would assert the same objection to release of such records from the files of the County Comptroller.

. The court notes that the records were never provided to the FOIL appeals officer for his review and disposition.

. Moreover, if this proceeding were viewed as one in the nature of mandamus to compel, there is a powerful argument that respondents are conclusively bound by the determination of the FOIL appeals officer holding that the District Attorney had not established his entitlement to the exemption for interagency materials. The limited authorization for judicial review set forth in Public Officers Law § 89 (4) (b) provides that only a “person denied access to a record” may initiate an article 78 proceeding. While the District Attorney’s refusal to comply with the determination of the FOIL appeals officer may avoid the issue of his lack of standing to seek judicial review of such determination (cf Matter of Fishel v Gaffney, 224 AD2d 769, 770 [3d Dept 1996]), his office nonetheless seeks to maintain such an appeal indirectly: by declining to follow the appeals officer’s determination, forcing petitioner to sue and then seeking to revisit the merits of the appeals officer’s determination as a defense in this proceeding. However, since the District Attorney’s proof is inadequate to call into question petitioner’s clear legal right to the records she seeks, there is no occasion to reach this issue. Moreover, the court notes that petitioner characterizes this proceeding as one brought pursuant to Public Officers Law § 89 (4) (b) and has not briefed or otherwise raised this argument.

. Of course, following review of this decision, the District Attorney may decide to release the requested records to petitioner, thereby avoiding the time and expense attendant to continued litigation, including the possibility of an award of attorney’s fees and costs to petitioner’s counsel (see Public Officers Law § 89 [4] [c]).