■ In the Matter of FAIR ASSESSMENT COMMITTEE, LLC, et al., Appellants, v NEW YORK STATE OFFICE OF REAL PROPERTY SERVICES et al., Respondents. [885 NYS2d 125]—

In a proceeding pursuant to CPLR article 78 to review the Class One Ratio for tax year 2007, applicable to real property in the County of Nassau, that was promulgated by the New York State Office of Real Property Services, and to enjoin the dissemination of that Ratio, the petitioners appeal from a judgment of the Supreme Court, Nassau County (De Maro, J.), entered August 29, 2007, which, upon the granting of the respondents' applications to dismiss the petition pursuant to CPLR 3211 (a) (3) on the ground that the petitioners lacked standing, dismissed the proceeding.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the proceeding is dismissed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Fair Assessment Committee, LLC, a private organization purporting to represent the interests of homeowners in Nassau County, and Mark H. Miller, a private citizen (hereinafter the petitioners), instituted this proceeding pursuant to CPLR article 78 seeking, inter alia, to invalidate the class one ratio for tax year 2007, applicable to real property in the County of Nassau, that was promulgated by the New York State Office of Real Property Services.

This proceeding should have been commenced directly in this Court (*see* RPTL 1218) and, thus, when it was commenced in the Supreme Court, that court should have transferred the proceeding to us. Nonetheless, since the record is now before us, we will treat the matter as if it had been properly commenced in this Court and, in the interest of judicial economy, consider the proceeding de novo.

The proceeding must be dismissed on the ground that the petitioners lack standing. A taxpayer does not have standing to

challenge an equalization rate (*see* RPTL 1218; *Matter of O'Brien v Assessor of Town of Mamaroneck,* 20 NY2d 587, 596 [1967]; *Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.,* 7 AD3d 934, *affd* 5 NY3d 36 [2005]; *Central Buffalo Project Corp. v City of Buffalo,* 74 AD2d 336, 340 [1980]; *860 Executive Towers v Board of Assessors of County of Nassau,* 53 AD2d 463, 467 [1976]). The issue here is whether RPTL 1218, which governs challenges to "equalization rates" also governs challenges to "class ratios." We hold that it does, since class ratios are a species or subset of equalization rates that are applicable only in special assessing units (*see Matter of Brimberg v Commissioner of Fin. of City of N.Y.,* 49 AD3d 298, 299 [2008]; *Rokowsky v State Bd. of Equalization & Assessment,* 172 AD2d 93, 95 [1991]; *see also Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.,* 5 NY3d at 42; *Matter of Town of Riverhead v New York State Off. of Real Prop. Servs.,* 21 AD3d 1116, 1117 [2005]). Thus, as the petitioners are not among the entities who have standing to seek judicial review of a class ratio, the proceeding must be dismissed (*see* RPTL 1218; *Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.,* 7 AD3d 934, *affd* 5 NY3d 36 [2005]).

The petitioners' remaining contentions are without merit. Dillon, J.P., Belen, Chambers and Hall, JJ., concur.