■ In the Matter of MARIA A., Appellant.—Appeal from an order of disposition of the Family Court, Kings County, dated April 19, 1979 which, upon a fact-finding determination that appellant is a juvenile delinquent, placed her with the Division for Youth, Title III for a period of 18 months. Order affirmed, without costs or disbursements. Appellant contends that her placement with the Division for Youth, Title III, following a dispositional hearing, was not supported by a preponderance of the evidence (see Family Ct Act, § 745) and that the hearing court failed to consider less coercive placement alternatives. The findings of delinquency resulted from the admission by the appellant that she had committed acts which would have constituted robbery in the second degree and manslaughter in the second degree had they been committed by adults. At the dispositional hearing, appellant relied heavily on a three-month preplacement period spent at an open residential facility where she reportedly did well and was acceptable for a long-term placement, as evidence that she could continue to do well in such a facility. The implication was that she did not need a more secure or restrictive placement. The court-appointed psychiatrist disagreed. Although he recognized that there was an overlap in what secure and so-called open

facilities offered, it was his opinion that Maria needed "A place where she can't leave on her own volition when the going gets rough." He indicated that three months was a relatively short period of time to test a facility. The psychiatrist called by appellant was of the view that an open residential setting was the preferred type of placement for her. She did not require a locked setting to learn self-control and to overcome her weak impulse control. A social worker testified similarly to the second psychiatrist. The probation officer's view supported that of the court psychiatrist. The hearing court concluded that considering the needs of the child as well as the need for protection of the community (Family Ct Act, § 711), placement in Title III was warranted by a preponderance of the evidence. Balancing both elements of the statutory requirements against the circumstances of this case we find no basis for reversal (cf. *Matter of Cecil L.,* 71 AD2d 916). Mollen, P. J., Lazer, Cohalan and Gibbons, JJ., concur.