◼ In the Matter of DUK HEE HONG, Appellant. COUNTY OF SUFFOLK et al., Respondents. — Order of the Supreme Court, Suffolk County (McInerney, J.), dated January 5, 1984, affirmed, with one bill of costs (*Figueroa v City of New York,* 92 AD2d 908, 909; *Matter of Morris v County of Suffolk,* 88 AD2d 956, affd 58 NY2d 767). Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.

◼ In The Matter of OTTO J. VITALE REAL ESTATE, INC., et al., Petitioners, v STATE OF NEW YORK, DEPARTMENT OF STATE, Respondent. In the Matter of WILLIAM J. WOLFE, Petitioner, v BASIL A. PATERSON, Respondent. In the Matter of DANIEL J. WALSH, Petitioner, v BASIL A. PATERSON et al., Respondents. — Three proceedings pursuant to CPLR article 78 to review determinations of the Secretary of State of the State of New York, all dated September 17, 1982, which, after a hearing, held that petitioners had demonstrated untrustworthiness and incompetency as licensed real estate brokers and imposed penalties. ¶ Determinations confirmed and proceedings dismissed on the merits, with one bill of costs. ¶ The record contains substantial credible evidence upon which the Secretary of State of the State of New York could reasonably conclude that all petitioners demonstrated untrustworthiness and incompetency as licensed real estate brokers within the provisions of section 441-c of the Real Property Law. Consequently, the determinations must be confirmed (see *Matter of Grant Realty v Cuomo,* 58 AD2d 251, 252). We have reviewed petitioners' other contentions and find them to be without merit. Mollen, P. J., Gibbons, O'Connor and Rubin, JJ., concur.

◼ In the Matter of ROBERT S., Appellant. — Appeals from two orders of disposition of the Family Court, Queens County (Gallet, J.), both dated September 14, 1983, each of which, upon a finding that appellant, a previously adjudicated juvenile delinquent, had violated the terms of probation, placed him with the New York State Division for Youth for a period of up to one year. ¶ Orders affirmed, without costs or disbursements. ¶ The court's determinations as to the proper placement for appellant are supported by a preponderance of the evidence in the record (Family Ct Act, § 350.3, subd 2; *Matter of Maria A.,* 72 AD2d 793). Gibbons, J. P., Brown, Niehoff and Boyers, JJ., concur.

◼ In the Matter of LAURENCE L. SHERRILL, Petitioner, v FLORENCE SIMBERKOFF et al., Constituting the Board of Directors of the Mt. Vernon Public Library, Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the Mt. Vernon Public Library, dated January 28, 1983, which, after a hearing, discharged the petitioner from his position as assistant library director. ¶ Determination confirmed and proceeding dismissed on the merits, without costs or disbursements (see *Matter of Becker v New York State Civ. Serv. Comm.,* 61 NY2d 252). Gibbons, J. P., Bracken, O'Connor and Niehoff, JJ., concur.