■ In the Matter of BOARD OF MANAGERS OF THE GREENS OF NORTH HILLS CONDOMINIUM, Respondent-Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants-Respondents. [608 NYS2d 694] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellants-respondents to comply with Nassau County Government Law § 603, the appeal is from a judgment of the Supreme Court, Nassau County (McGinity, J.), dated April 12, 1993, which (1) denied the appellants-respondents' motion to dismiss the proceeding, and (2) after a nonjury trial, (a) declared illegal the assessment of one unit of the petitioners' condominiums, known as Section 3, Block E, Lot 1074, Unit 27 on the Land and Tax Map for the County of Nassau, as set forth on the August 1,

1990, and August 1, 1991, final assessment rolls for the tax years 1990/1991 and 1991/1992, (b) directed the appellants to adopt rules and regulations for assessment which comply with Nassau County Government Law § 603 90 days after the entry of judgment, and (c) directed the appellants to assess all of the petitioner's condominium units, known as Section 3, Block E, Lot 1074, Units 1 through 75 on the Land and Tax Map for the County of Nassau, in accordance with the new rules and regulations, and the plaintiff has filed a notice of cross appeal from the judgment.

Ordered that the judgment is reversed, on the law, and the petition is dismissed; and it is further,

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this Court; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs.

The petitioner is the Board of Managers of a condominium comprised of 75 residential units located in Nassau County. The Board of Assessors of the County of Nassau assigned these units a classification of "A + 10%" based upon published rules and regulations and the Residence Schedules Specifications (hereinafter the Specifications), which divide residential building classifications into five grades of "AA", "A", "BB", "B", and "C". Although the petitioner's original challenge was to the grade assigned to all 75 units, the parties stipulated at the trial that only the assessment of unit 27 was at issue in this case.

The petition alleged, *inter alia,* that (1) the appellants-respondents illegally assigned a grade of "A + 10%" to the 75 condominiums, and that the grade should be changed to grade "B", and (2) the appellants-respondents should be directed to comply with Nassau County Government Law § 603, because the rules and regulations for assessing property produced an inequitable and unscientific system. After the appellants-respondents submitted an answer which generally denied the allegations, they moved to dismiss the proceeding on the ground that the action was more properly brought pursuant to RPTL article 7. The Supreme Court determined that the petitioner should be permitted to adduce proof at the trial on the allegation of improper assessment practices, and it would thereafter determine whether the petitioner was entitled to the relief it sought.

After a trial comprised largely of testimony concerning whether the unit should be classified as grade "B" or grade "A + 10%", the Supreme Court determined, *inter alia,* that (1) the appellants-respondents' rules and regulations were illegal because they failed to contain any standards relative to depreciation, obsolescence, or market value, in clear contravention of section 603 which, in turn, rendered the appellants-respondents' compliance with RPTL 305 (2) "illusory", (2) the references in the specifications to "middle class of people" and "high class communities" failed to implement an equitable and scientific system of assessment, and (3) the instant proceeding was properly brought as a proceeding pursuant to CPLR article 78 because the petitioner contended that the rules and regulations failed to comply with Nassau County Government Law § 603.

Contrary to the determination of the Supreme Court, we find that the petition should have been dismissed upon the appellants-respondents' motion. Ordinarily, challenges to assessments on the grounds that they are illegal, irregular, excessive, or unequal, are to be made in a certiorari proceeding under RPTL article 7 *(see, Niagara Mohawk Power Corp. v City School Dist.,* 59 NY2d 262, 268; *Hewlett Assocs. v City of New York,* 57 NY2d 356, 363; *Abrams v Long Is. Light. Co.,* 117 AD2d 764, 765; *Matter of Sherrill v Simberkoff,* 102 AD2d 892, 893). However, where the challenge is based upon the method employed in the assessment of several properties rather than the overvaluation or undervaluation of specific properties, a taxpayer may forego the statutory certiorari procedure and mount a collateral attack on the taxing authority's action through either a declaratory judgment action or a proceeding pursuant to CPLR article 78 *(see, Hewlett Assocs. v City of New York, supra,* at 363; *Matter of Dudley v Kerwick,* 52 NY2d 542, 548-551; *Matter of Krugman v Board of Assessors,* 141 AD2d 175, 180; *Matter of Sherrill v Simberkoff, supra,* at 893; *Samuels v Town of Clarkson,* 91 AD2d 836, 837; *Zinder v Board of Assessors,* 66 Misc 2d 150, *affd* 38 AD2d 836).

In reviewing a taxpayer's claim to determine whether this exception to the statutory procedure based upon the taxing authority's methodology has been demonstrated, " '[m]ere allegations, unsupported by evidentiary matter, that the attack is on the methods employed rather than individual evaluations, are not enough to relieve plaintiffs of the obligation to pursue their relief via the provisions of Article 7 of the Real Property Tax Law' " *(Matter of Krugman v Board of*

*Assessors, supra,* at 180, quoting *Samuels v Town of Clarkson, supra,* at 837; *see also, Matter of Averbach v Board of Assessors,* 176 AD2d 1151; *New York Pub. Interest Research Group v Board of Assessment Review,* 104 Misc 2d 128). Where allegations seek a review of individual assessments, rather than the formula used, a proceeding pursuant to CPLR article 78 is improper. The allegations in the instant proceeding involve the fairness and reasonableness of the conclusion of the Board of Assessors and an inquiry into the mental observations and judgment of the assessors *(see, Zinder v Board of Assessors, supra,* at 151; *C.H.O.B. Assocs. v Board of Assessors,* 45 Misc 2d 184, 187, *affd* 22 AD2d 1015, *affd* 16 NY2d 779; *see also, Long Is. Light. Co. v Town of Brookhaven,* 889 F2d 428, 431; *Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893; *Matter of Bauer v Board of Assessment Review,* 114 Misc 2d 640, 641, *affd* 91 AD2d 1097).

Further, the proof at the trial was improperly related to the propriety of the assessment and a review of the assessors' mental processes, observations, and judgments *(see, Abrams v Long Is. Light. Co., supra,* at 765). The allegation regarding noncompliance with section 603 was never supported by evidentiary proof *(see, Abrams v Long Is. Light. Co., supra,* at 765; *cf., Matter of Averbach v Board of Assessors, supra,* at 1151; *New York Pub. Interest Research Group v Board of Assessment Review, supra,* at 128).

The petitioner never specifically alleged that the appellants-respondents' rules and regulations and specifications (1) failed to account for factors such as obsolescence, depreciation, and market value, (2) violated RPTL 305 (2), or (3) were facially invalid. As a result, the appellants-respondents were never provided with notice or an opportunity to be heard on these and other issues which were addressed by the Supreme Court, and never had the opportunity to make an appropriate record *(see, Matter of Chasalow v Board of Assessors,* 176 AD2d 800, 804; *Matter of Davis v Perales,* 151 AD2d 749, 752-753).

Accordingly, the proceeding should be dismissed *(see, State Bd. of Equalization & Assessment v Kerwick,* 72 AD2d 292, 301, *affd* 52 NY2d 557).

We have considered the parties' remaining contentions and find that they are either without merit or rendered academic in light of the foregoing determination. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.