■ In the Matter of MT. ARAB MASONIC HISTORICAL SOCIETY, Appellant, v TOWN OF ALTAMONT BOARD OF ASSESSMENT REVIEW, Respondent. [697 NYS2d 748] —Crew III, J. Appeal from a judgment of the Supreme Court (Lahtinen, J.), entered April 12, 1998 in Franklin County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as time barred.

Petitioner commenced this CPLR article 78 proceeding contending that respondent arbitrarily denied its application pursuant to Real Property Tax Law § 420-b for a partial exemption from local real property taxes and assessment. Respondent answered and sought dismissal of the petition contending, *inter alia,* that such proceeding was barred by the applicable Statute of Limitations. Supreme Court concluded that the proceeding was one properly brought pursuant to RPTL article

7 and dismissed the petition as time barred prompting this appeal by petitioner.

We affirm. Inasmuch as petitioner challenges its individual tax assessment based upon respondent's refusal to grant a partial exemption and does not attack the assessment on jurisdictional or constitutional grounds, a proceeding pursuant to RPTL article 7 is petitioner's exclusive remedy (*see, Matter of Cornwell v Town of Esperance*, 252 AD2d 795; *Matter of Krugman v Board of Assessors*, 141 AD2d 175, 179-180, *appeal dismissed* 73 NY2d 872). Petitioner failed to commence this proceeding within the 30-day limitations period governing RPTL article 7 proceedings (*see,* RPTL 702) and, accordingly, Supreme Court properly dismissed the petition as time barred (*see, Matter of Lamos v Board of Assessment Review*, 194 AD2d 1025, 1027).

In light of this conclusion, we need not address the remaining arguments advanced by petitioner.

Mikoll, J. P., Yesawich Jr., Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.