■ In the Matter of GENERAL ELECTRIC COMPANY, Appellant-Respondent, v JOHN MACISAAC, as Assessor for the Town of Rotterdam, et al., Respondents, and COUNTY OF SCHENECTADY, Respondent-Appellant. [739 NYS2d 768] —Mercure, J.P. Cross appeals from a judgment of the Supreme Court (Kramer, J.), entered January 29, 2001 in Schenectady County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition for lack of subject matter jurisdiction and denied respondent County of Schenectady's motion for counsel fees.

Petitioner's Power Systems main plant is situated in respondent County of Schenectady on 324.45 acres of land located partly within the City of Schenectady and partly within respondent Town of Rotterdam and is improved with multiple buildings comprising over 2.2 million square feet of space utilized "in a heavy industrial capacity for the production, distribution, and development of steam turbine generating equipment." Petitioner challenged the Town's assessment of the property in RPTL article 7 proceedings for each year from 1992 through 2000. The 1992 through 1998 proceedings were

consolidated and a nonjury trial was conducted in the fall of 2000.*

In May 2000, petitioner received notice that the Town's assessment of the property for the year 2000 had been increased to $13,174,475 from the prior year's assessment of $7,653,037. Despite the pendency of an RPTL article 7 proceeding challenging the tax assessment for 2000, based on the revelation that the substantial increase in the assessment was based on an appraisal that had been prepared in connection with the pending RPTL article 7 proceedings, petitioner commenced the present CPLR article 78 proceeding against the Town, the County and respondent Schalmont Central School District and several individual assessment and tax officials, challenging what it characterizes as a "Retaliatory Selective Reassessment" and seeking, inter alia, a rollback of the 2000 assessment to the 1999 level. The Town, the County and the School District made preanswer motions to dismiss the petition or for summary judgment based on, among other things, a lack of subject matter jurisdiction and the pendency of an RPTL article 7 proceeding with respect to the same property for the same tax year. Supreme Court granted the motions but exercised its discretion to deny the County's request for counsel fees. Petitioner appeals from the ensuing judgment dismissing the petition and the County cross-appeals from so much thereof as denied its request for counsel fees.

We affirm. Petitioner predicates its analysis primarily on the holding of the Second Department in *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach* (141 AD2d 175) that a CPLR article 78 proceeding is the proper vehicle for challenging on equal protection grounds a taxing authority's practice of selectively reassessing parcels of real property following their transfer (*id.* at 179; *see, Matter of Towne House Vil. Condominium v Assessor of Town of Islip*, 200 AD2d 749, *lv denied* 84 NY2d 802 [policy of reassessing following condominium conversion]; *Matter of Averbach v Board of Assessors of Town of Delhi*, 176 AD2d 1151, 1152 [reassessment following transfer of title]; *Matter of 22 Park Place Coop. v Board of Assessors of County of Nassau*, 102 AD2d 893 [reassessment following cooperative conversion]). Of greatest relevance here, the Second Department stated: "It is well recognized that where the jurisdiction of the taxing authority is challenged or the tax itself is claimed to be unconstitutional, one is not required to pursue a remedy

---

* We are informed that during the pendency of this appeal, Supreme Court rendered a decision reducing the assessment on the property for the tax years at issue there.

under RPTL article 7 * * *. Furthermore, a taxpayer may properly forego the statutory certiorari procedure and mount a collateral attack on the taxing authority's action if the challenge is to the method employed in the assessment *involving several properties* rather than the overvaluation or undervaluation of specific properties * * *" (*Matter of Krugman v Board of Assessors of Vil. of Atl. Beach, supra* at 179-180 [citations omitted] [emphasis supplied]). Here, petitioner's challenge is to the method used in bringing about the assessment, but only one property is involved. The distinction is a critical one, for this Court and the Second Department have made it clear that a single improperly motivated reassessment, even one of constitutional magnitude, "cannot be classified as a methodology" (*Matter of Estate of Rogowsky v Board of Assessment Review of Vil. of Port Chester*, 191 AD2d 697, 698; *see, Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau*, 202 AD2d 417, 420, *lv denied* 83 NY2d 757; *Matter of Averbach v Board of Assessors of Town of Delhi, supra* at 1152; *cf., Matter of 22 Park Place Coop. v Board of Assessors of County of Nassau, supra*). We agree with the Second Department that a CPLR article 78 proceeding may not be brought unless "the challenge is based upon the method employed in the assessment of several properties" (*Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau, supra* at 419), thereby establishing a policy or practice. The present claims, which relate to the thought processes, observations and judgment of the assessors and Board of Assessment Review regarding petitioner's property only, involve a particular valuation rather than a general principle and can be adequately presented and redressed in the pending RPTL article 7 proceeding (*see, id.; Matter of Estate of Rogowsky v Board of Assessment Review of Vil. of Port Chester, supra*).

As a final matter, we are not persuaded that Supreme Court abused its discretion in denying the County's motion for counsel fees. The parties' remaining contentions have been considered and found to be unavailing.

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

