■ In the Matter of SHLOMO CASSOS, Appellant, v LORRY KING, as Assessor of the Town of Highland, et al., Respondents. [789 NYS2d 452]—

Crew III, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered December 1, 2003 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time-barred.

Petitioner commenced this CPLR article 78 proceeding seek-ing to challenge a real property tax assessment issued by respondents. Supreme Court found that petitioner's exclusive remedy for seeking judicial review of the challenged assessment was a proceeding pursuant to RPTL article 7 and dismissed the underlying petition as untimely. Upon reargument, Supreme Court adhered to its original decision, prompting this appeal by petitioner.

We affirm. CPLR article 78 proceedings are proper in tax as-sessment cases only where a petitioner challenges the jurisdic-tion of the taxing authority, the method employed in the assess-ment or the legality or constitutionality of the tax itself (*see Matter of Mt. Arab Masonic Historical Socy. v Town of Altamont Bd. of Assessment Review*, 266 AD2d 635, 636 [1999]). Here, al-though petitioner alleges that the subject assessment was the

product of bias and constituted a violation of his equal protection rights, it is clear from petitioner's submissions that the crux of his claim is the alleged individual overvaluation of his property (*see Matter of General Elec. Co. v MacIsaac*, 292 AD2d 689, 690-691 [2002]; *Matter of Rubin v Board of Assessors of Town of Shandaken*, 175 AD2d 494, 495 [1991]). Thus, under the circumstances presented, the sole vehicle by which petitioner could properly seek review of his assessment was through an RPTL article 7 proceeding, and his failure to do so within that statute's 30-day statute of limitations required dismissal of the petition as time-barred (*see* RPTL 702 [2]). In view of our decision, we need not reach petitioner's remaining arguments.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.