■ In the Matter of BARNETT J. BRIMBERG, Appellant, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK et al., Respondents. [847 NYS2d 39]—

Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered March 17, 2006, which granted respondents' motion

to dismiss the proceeding brought pursuant to CPLR article 78, seeking a declaration that the methodology used by respondents to assess petitioner's property and that of others similarly situated was invalid and unconstitutional and that the 2003/2004 tax rolls for class one properties should be declared void, and which denied petitioner's cross motion for a default judgment, unanimously affirmed, without costs.

The court properly exercised its discretion in denying petitioner's cross motion. Although the return date on respondents' motion to dismiss did not comply with CPLR 2214 (b), respondents reasonably explained the error and promptly reserved the motion with a proper return date, and petitioner was not prejudiced by the brief delay.

We also affirm the court's dismissal of the article 78 proceeding. While the court erred in stating that dismissal was mandated because petitioner was challenging the methodology and "[t]hat issue must be resolved in an [a]rticle 7 proceeding" (*see Matter of Averbach v Board of Assessors of Town of Delhi*, 176 AD2d 1151, 1152 [1991] [an article 78 proceeding is appropriate where the challenge is to the method of assessment]) petitioner's assertions regarding the methodology were conclusory and based on speculation (*see Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau*, 202 AD2d 417, 419 [1994], *lv denied* 83 NY2d 757 [1994]).

Petitioner's exclusive remedy for the allegedly improper assessment of his property was a proceeding pursuant to article 7 of the Real Property Tax Law (*Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 204 [1991]). An examination of petitioner's article 78 challenges to the purportedly invalid methodology employed by respondents in arriving at the market and assessed values of recently renovated properties in tax class one, demonstrates that "the crux of [petitioner's] claim is the alleged individual overvaluation of his property" (*Matter of Cassos v King*, 15 AD3d 758, 759 [2005]).

The court also correctly determined that the article 78 proceeding was untimely. Pursuant to New York City Charter §§ 165 and 165-a, the subject tax roll became final on May 25, 2003, and the four-month statute of limitations commenced running on that date (*see Matter of Averbach v Board of Assessors of Town of Delhi*, 176 AD2d at 1153). This petition was filed on or about October 31, 2003, well beyond the expiration of the statutory period.

We have considered petitioner's remaining contentions and

find them unavailing. Concur—Andrias, J.P., Friedman, Buckley, Sweeny and Catterson, JJ.