FOURTH DEPARTMENT, MAY, 2008

(May 2, 2008)

In the Matter of CAYUGA GRANDVIEW BEACH COOPERATIVE CORPORATION, Appellant, v TOWN BOARD OF TOWN OF SPRINGPORT et al., Respondents. [857 NYS2d 862]—

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered March 29, 2007 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition seeking, inter alia, to annul the tax assessment of petitioner's property in respondent Town of Springport.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondents' tax assessment of petitioner's property in respondent Town of Springport and the increase in petitioner's sewer and water fees for 2005 and 2006. Supreme Court properly dismissed the petition. A proceeding pursuant to CPLR article 78 was not the proper vehicle for challenging the tax assessment, inasmuch as "challenges to assessments on the grounds that they are illegal, irregular, excessive, or unequal[ ] are to be made in a certiorari proceeding under RPTL article 7" (*Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau*, 202 AD2d 417, 419 [1994], *lv denied* 83 NY2d 757 [1994]). "[W]here the challenge is based upon the method employed in the assessment of *several properties* rather than the overvaluation or undervaluation of [a] specific propert[y], a taxpayer may . . . mount a collateral attack on the taxing authority's action through either a declaratory judgment action or a proceeding pursuant to CPLR article 78" (*id.* [emphasis added]). "Here, petitioner's challenge is to the method used in bringing about

the assessment, but only one property is involved. The distinction is a critical one [because] a single improperly motivated reassessment, even one of constitutional magnitude, 'cannot be classified as a methodology' " (*Matter of General Elec. Co. v MacIsaac*, 292 AD2d 689, 691 [2002]).

The court properly dismissed that part of the petition challenging the increased sewer and water fees for 2005 as time-barred (*see* CPLR 217 [1]). We also conclude that the court properly dismissed that part of the petition challenging the increased sewer and water fees for 2006, although our reasoning differs from that of the court. The court erred in dismissing that part of the petition based on the failure of petitioner to exhaust its administrative remedies inasmuch as there are no such remedies available. Instead, that part of the petition is time-barred because, although it purports to challenge the sewer and water fees for 2006, it is actually premised upon the increased number of units assessed in 2005 (*see generally Matter of Twenty First Point Co. v Town of Guilderland*, 101 AD2d 407, 409 [1984], *affd* 64 NY2d 954 [1985]). Present—Hurlbutt, J.P., Martoche, Lunn, Green and Gorski, JJ.