■ In the Matter of SUZANNE AVERY et al., Appellants, v SANDRA A. AERY, as Assessor of the Town of Harrietstown, et al., Respondents. [865 NYS2d 757]—

Spain, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered July 24, 2007 in Franklin County, which, among other things, in a proceeding pursuant to CPLR article 78, denied petitioner's cross motion for leave to serve an amended petition.

In October 2006, as the owners of real properties situated in the Town of Harrietstown, Franklin County, petitioners commenced this CPLR article 78 proceeding challenging the Town's 2006 assessment roll, which was based upon a town-wide revaluation. In January 2007, respondents answered and then moved for summary judgment dismissing the petition. In March 2007, petitioners cross-moved for leave to file and serve an amended petition which added additional parties as petitioners, expanded the original petition from five claims to 12 claims and included over 1,000 pages of accompanying documents. By a July 13, 2007 bench ruling, Supreme Court denied petitioners' cross motion to amend, concluding that the proposed amendment was essentially a newly drafted petition. After respondents' argument in support of their summary judgment motion, in open court, petitioners' counsel admittedly withdrew and discontinued the original petition. Thereafter, the court issued a judgment which denied petitioners' cross motion for leave to amend the petition and discontinued the proceeding pursuant to CPLR 3217 (b). Petitioners now appeal, arguing that their motion to amend the petition should have been granted.

The appeal must be dismissed. By voluntarily withdrawing the petition in open court after their motion to amend the petition was denied and in lieu of responding to respondents' motion for summary judgment—thereby precluding a decision on the merits—petitioners consented to the dismissal of the proceeding by Supreme Court pursuant to CPLR 3217 (b). Unlike a contested discontinuance where the aggrieved party may appeal (*see e.g. Matter of Sicurella v Embro*, 40 AD3d 769, 770 [2007]; *Mancinelli v Mancinelli*, 228 AD2d 747, 747 [1996]), or a situation where the party who originally requested a discontinuance sought then to vacate the order of discontinuance,

resulting in an appealable order (*see e.g. Woody's Lbr. Co., Inc. v Jayram Realty Corp.*, 46 AD3d 804, 804 [2007]; *Bove v Cherney*, 252 AD2d 512, 512 [1998]; *Chandler v Chandler*, 108 AD2d 1035, 1035-1036 [1985]; *Gardner v Board of Educ., Cent. School Dist. No. 1*, 28 AD2d 616, 616 [1967]),* here petitioners have appealed from an order by which they are not aggrieved. In requesting a discontinuance without reserving any right to appeal, petitioners terminated the very proceeding that provided the context to their arguments on appeal (*see Candreva v Dubrow*, 272 AD2d 496, 497 [2000]).

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.

---

* Petitioners moved to resettle Supreme Court's July 18, 2007 order and judgment, and that motion was denied by order dated February 25, 2008. Petitioners' subsequent appeal from that order is pending before this Court.