In the Matter of VIRGINIA ADAMS et al., Appellants, v RICHARD S. SCHOENSTADT et al., as Board of Assessors of the Town of Schroon, et al., Respondents. [868 NYS2d 369]—

Peters, J.

Petitioners are owners of real property in the Town of Schroon, Essex County. They commenced this proceeding against respondent Town of Schroon and its Board of Assessors, among others, seeking to nullify the Town's 2006 tax assessment on the ground that it was, among other things, nonuniform. Respondents moved to dismiss the amended petition pursuant to CPLR 3211 (a), 3212 and 7804 (f). Supreme Court dismissed each of petitioners' claims challenging the uniformity of the assessments, finding that such claims must be brought in an RPTL article 7 proceeding, and dismissed, for lack of standing and subject matter jurisdiction, petitioners' claim that an incorrect equalization rate was employed in making the assess-

---

ments.[1] As to petitioners' claim of favoritism on the part of respondents, Supreme Court determined that petitioners' allegations were sufficient to survive the motion to dismiss. Petitioners appeal, and we affirm.

A proceeding pursuant to RPTL article 7 is the "exclusive remedy by which instances of illegality, overvaluation or inequality as to assessments may be asserted" (*Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 204 [1991]; *see* RPTL 700 [1]; *Matter of Averbach v Board of Assessors of Town of Delhi*, 176 AD2d 1151, 1152 [1991]). However, a CPLR article 78 proceeding is appropriate "where a party challenges a tax assessment as illegal, i.e., that the taxing authority exceeded its power to tax, or that the tax itself or the method employed in taxing is unconstitutional" (*Matter of Brooklyn Union Gas Co. v State Bd. of Real Prop. Servs.*, 246 AD2d 898, 899 [1998]; *see Matter of Cassos v King*, 15 AD3d 758, 758 [2005]). With respect to the methodology exception, a CPLR article 78 proceeding is proper only if the challenge is based upon the particular method employed in the assessment of several properties rather than the overvaluation or undervaluation of specific properties (*see Matter of General Elec. Co. v MacIsaac*, 292 AD2d 689, 691 [2002]; *Matter of Averbach v Board of Assessors of Town of Delhi*, 176 AD2d at 1152; *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d 175, 180 [1988], *appeal dismissed* 73 NY2d 872 [1989]).

Here, petitioners maintain that their claims fall within this methodology exception. They base their argument on their expert's conclusion that, in calculating the coefficient of dispersion and the price related differential of a sample of property sales between July 1, 2005 and June 30, 2006,[2] parcels were either overvalued or undervalued in respondents' assessment. Critically, however, petitioners have made no allegations regarding any specific defects in respondents' method of assessment and, in fact, have failed to even identify a particular "methodology" used. While they claim that they need not point to any particular "method" employed by respondents in order to pursue their claims of inequality through a CPLR article 78 proceeding, but instead may rely upon evidence establishing a general lack of uniformity, petitioners fail to cite to any author-

1. Petitioners do not challenge the equalization rate determination in their brief on appeal and, therefore, we deem the issue abandoned (*see Rossi v Attanasio*, 48 AD3d 1025, 1027 n 3 [2008]).

2. In light of our decision, we need not address whether petitioners relied upon sales during the proper time period.

ity supporting such an assertion.[3] Indeed, it is firmly established that " '[m]ere allegations, unsupported by evidentiary matter, that the attack is on the methods employed rather than individual evaluations, are not enough to relieve [petitioners] of the obligation to pursue their relief via the provisions of [RPTL] article 7' " (*Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d at 180, quoting *Samuels v Town of Clarkson*, 91 AD2d 836, 837 [1982]; *see Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau*, 202 AD2d 417, 419-420 [1994], *lv denied* 83 NY2d 757 [1994]).

In our view, a broad claim of inequality will not suffice because, by "fail[ing] to identify with any particularity any 'method' of assessment which [they are] attacking[,] any review of the assessments would necessitate inquiry into the Assessor's mental processes, judgments, and observations, an inquiry limited to [RPTL] article 7 proceedings" (*Abrams v Long Is. Light. Co.*, 117 AD2d 764, 765 [1986], *appeal dismissed* 68 NY2d 752 [1986], *lv denied* 69 NY2d 601 [1986]; *see Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of Nassau County*, 202 AD2d at 419-420; *see also C.H.O.B. Assoc. v Board of County of Nassau*, 45 Misc 2d 184, 187 [Sup Ct, Nassau County 1964], *affd without op* 22 AD2d 1015 [1964], *affd* 16 NY2d 779 [1965]). Thus, as petitioners have failed to provide sufficient proof to demonstrate that their challenge to the assessment is based upon any methodology employed by respondents, Supreme Court properly concluded that the sole remedy for their claims of inequality was by way of an RPTL article 7 proceeding (*see Matter of M. Kaufman 42nd St. Co. v Board of Assessors of Atl. Beach*, 273 AD2d 239, 239 [2000]; *Abrams v Long Is. Light. Co.*, 117 AD2d at 765). Further, as the instant proceeding was not commenced within the 30-day period mandated by RPTL 702 (2), we are unable to consider it as one brought pursuant to RPTL article 7 (*see Matter of Cassos v King*, 15 AD3d at 759; *Matter of Bassett Mtn. Recreation Ctr. v Town of Jay Bd. of Assessors*, 232 AD2d 934, 934 [1996]).

---

**3.** To the contrary, in cases permitting a CPLR article 78 challenge to a municipality's tax assessment based on an allegedly impermissible methodology, petitioners have identified the specific method employed by the municipality (*see e.g. Matter of Dudley v Kerwick*, 52 NY2d 542 [1981]; *Matter of Resnick v Town of Canaan*, 38 AD3d 949 [2007]; *Matter of Montgomery v Board of Assessment Review of Town of Union*, 30 AD3d 747 [2006]; *Matter of Brooklyn Union Gas Co. v State Bd. of Real Prop. Servs.*, *supra*; *Matter of Adams v Welch*, 188 AD2d 784 [1992]; *Matter of Averbach v Board of Assessors*, *supra*; *Matter of Krugman v Board of Assessors*, *supra*; *Matter of 22 Park Place Coop. v Board of Assessors of County of Nassau*, 102 AD2d 893 [1984]).

Petitioners' claim that they were denied due process is similarly unavailing. In the context of tax assessments, due process requires an opportunity for the taxpayer's grievance to be heard (*see Matter of Niagara Mohawk Power Corp. v Town of Bethlehem*, 16 AD3d 888, 890 [2005], *affd* 6 NY3d 744 [2005]). Here, petitioners had the opportunity to challenge their assessments by filing a complaint with the board of assessment review (*see* RPTL 524, 525) or commencing an RPTL article 7 proceeding (*see* RPTL 700, 724).

In light of our determination, petitioners' remaining claims have been rendered academic.

Cardona, P.J., Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.