■ In the Matter of Suzanne Avery et al., Appellants, v Sandra A. Aery, as Assessor of the Town of Harrietstown, et al., Respondents, et al., Respondents. [874 NYS2d 612]—

Stein, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered May 13, 2008 in Franklin County, which, in a proceeding pursuant to CPLR article 78, granted a motion by certain respondents to dismiss the petition.

Petitioners, the owners of real property located in the Town of Harrietstown, Franklin County, commenced this CPLR article 78 proceeding seeking to annul the Town's 2007 assessment roll. Respondent Town Assessor, respondent Town of Harrietstown and respondent members of the Town Board (hereinafter collectively referred to as respondents) successfully moved to dismiss the petition as time-barred. On petitioners' appeal, we now affirm.

In 2006, respondents completed a town-wide revaluation that resulted in an increase in assessments for many property owners. Thirty-two taxpayers—including many of the petitioners here—commenced a CPLR article 78 proceeding in October 2006 to nullify the 2006 revaluation and final assessment roll. After unsuccessfully moving for leave to amend their petition, the petitioners in the 2006 proceeding voluntarily withdrew their original petition. Supreme Court thereafter discontinued the 2006 proceeding, with prejudice, in accordance with CPLR 3217 (b). This Court dismissed the appeal that followed (*Matter of Avery v Aery*, 55 AD3d 1095, 1096 [2008]).

Respondents' final 2007 assessment roll utilized the figures from the 2006 assessment roll, with adjustments to accommodate individual changes to particular parcels; indeed, of the 67 assessed parcels owned by petitioners, only five experienced an increase in 2007 due to either new construction or an increase in acreage. Concluding that the gravamen of petitioners' claim is the general methodology employed in preparing the 2006 assessment roll, rather than any specific issue pertaining to the 2007 roll, Supreme Court characterized the instant proceeding as an untimely challenge to the 2006 assessment roll and dismissed it.

We reach the same conclusion. A CPLR article 78 proceeding is proper in an assessment matter "only where a petitioner challenges . . . the method employed in the assessment" (*Matter of Cassos v King*, 15 AD3d 758, 758 [2005]), rather than grieves the alleged overvaluation of an individual parcel, for which a separate procedure under RPTL article 7 exists (*see Matter of Kardos v Ryan*, 28 AD3d 1050, 1051 [2006]; *Matter of Cassos v King*, 15 AD3d at 759). The four-month statute of limitations for challenging an administrative action commences when the determination becomes final and binding, that is, "when it has an impact upon a party and the party is clearly aggrieved by it" (*Matter of Properties of N.Y., Inc. v Planning Bd. of Town of Stuyvesant*, 35 AD3d 941, 942 [2006]; *see* CPLR 217 [1]; *Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole*, 95 NY2d 267, 270 [2000]).

Here, petitioners do not dispute that the basis of their objections to the 2007 roll is to the methodology employed by respondents during the 2006 town-wide reassessment. They argue, instead, that respondents' decision in 2007 to rely on the 2006 assessments opens the methodology employed in creating the 2006 roll to challenge in the context of this proceeding. We disagree, finding—as Supreme Court did—that petitioners were aggrieved, and thus the statute of limitations began to run, when the 2006 town-wide reassessment was completed and their 2006 assessments increased (*see Matter of Twenty First Point Co. v Town of Guilderland*, 101 AD2d 407, 409 [1984], *affd for reasons stated below* 64 NY2d 954 [1985]; *Matter of Cayuga Grandview Beach Coop. Corp. v Town Bd. of Town of Springport*, 51 AD3d 1364, 1365 [2008], *lv denied* 11 NY3d 702 [2008]). The timely, but ultimately unsuccessful, 2006 CPLR article 78 proceeding challenging the 2006 roll is reflective of the fact that petitioners were aggrieved at that point. To accept petitioners' argument that a methodology employed in a town-wide reassessment is subject to challenge in any subsequent year where

the resulting assessments are relied upon would indefinitely extend, and thereby undermine the purpose of, the statute of limitations (*see e.g. Matter of Finger Lakes Racing Assn., Inc. v State of N.Y. Racing & Wagering Bd.*, 34 AD3d 895, 897 [2006], *lv denied* 8 NY3d 810 [2007]; *Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna*, 283 AD2d 857, 858 [2001]).

Cardona, P.J., Peters and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 20 Misc 3d 311.]