*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016          521242
_____

In the Matter of GLENS FALLS
   CITY SCHOOL DISTRICT et al.,
               Appellants-
               Respondents,

     v                                 MEMORANDUM AND ORDER

CITY OF GLENS FALLS et al.,
               Respondents-
               Appellants.
_____

Calendar Date:  November 23, 2015

Before:  Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.

_____

    Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Karla Williams Buettner of counsel), for appellants-respondents.

    Newell & Klingebiel, Glens Falls (Karen Judd of counsel), for City of Glens Falls, respondent-appellant.

    Muller, Mannix & Reichenbach, PLLC, Glens Falls (Daniel J. Mannix of counsel), for Glens Falls Common School District, respondent-appellant.

    McNamee, Lochner, Titus & Williams, PC, Albany (John J. Privitera of counsel), for Finch Paper, LLC, respondent-appellant.

_____

McCarthy, J.

    Cross appeal from a judgment of the Supreme Court (Krogmann, J.), entered August 12, 2014 in Warren County, which, in a combined proceeding pursuant to CPLR article 78 and action

for declaratory judgment, among other things, granted respondents' motions to dismiss the petition/complaint.

Respondent City of Glens Falls is divided into two school districts – petitioner Glens Falls City School District (hereinafter petitioner School District) and respondent Glens Falls Common School District. Respondent Finch Paper LLC owns, among other things, two adjacent parcels of real property over which certain buildings and structures span. Parcel 1 is located within petitioner School District's taxing district, and parcel 2 is located within the taxing district of the Glens Falls Common School District. In 2005, respondent City of Glens Falls Assessor conducted a citywide revaluation and assessment. On July 1, 2012, the Assessor filed the final tax roll for the City and listed the value of parcel 1 as $7,550,000 and the value of parcel 2 as $25,149,700. Thereafter, petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action challenging the valuation and allocation of the assessed value of parcels 1 and 2. Respondents subsequently moved to dismiss the petition/complaint. Supreme Court granted respondents' motions to dismiss on the basis of timeliness. Petitioners now appeal, and respondents cross appeal.[1]

We affirm on the basis that a CPLR article 78 proceeding is an improper forum for petitioners' contentions. A challenge to a property assessment alleging illegality, overvaluation or inequality with respect to assessments must be brought pursuant to RPTL article 7 (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204 [1991]). However, a CPLR article 78 proceeding is appropriate where a petitioner raises a challenge as to the taxing authority's

_____

[1] Given that respondents were not aggrieved by Supreme Court's dismissal of the petition, we dismiss their cross appeals (see Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie, 126 AD3d 1094, 1095 n 2 [2015]; Matter of Covel v Town of Peru, 123 AD3d 1244, 1245 n [2014]). Nonetheless, we consider respondents' arguments as alternative grounds for affirmance (see Matter of Thornton v Saugerties Cent. Sch. Dist., 121 AD3d 1253, 1254 n 1 [2014]).

jurisdiction, the method utilized in the assessment or the legality of the tax itself (see Turtle Is. Trust v County of Clinton, 125 AD3d 1245, 1246 [2015], lv denied ___ NY3d ___ [Nov. 23, 2015]; Matter of Adams v Schoenstadt, 57 AD3d 1073, 1074 [2008], lv dismissed 12 NY3d 769 [2009]).

As to the methodology exception, a CPLR article 78 proceeding is proper only if the challenge is directed at "a policy or practice" governing assessments, rather than discrete valuation determinations (Matter of General Elec. Co. v MacIsaac, 292 AD2d 689, 691 [2002]; see Matter of Adams v Schoenstadt, 57 AD3d at 1074). Mere allegations that the attack is on a methodology rather than on individual determinations are insufficient to relieve a petitioner of its obligation to pursue relief pursuant to RPTL article 7 (see Matter of Adams v Schoenstadt, 57 AD3d at 1075; Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau, 202 AD2d 417, 419-420 [1994], lv denied 83 NY2d 757 [1994]).

Even granting petitioners' allegations a liberal construction and giving them the benefit of every reasonable inference, petitioners fail to challenge any assessment methodology. While petitioners factually allege that discrete determinations regarding the assessments of parcels 1 and 2 were erroneous, they fail to identify a particular methodological approach — that is, any rule applied as a policy or practice in assessments generally — that they allege was improper.[2] Given this failure to identify and challenge any methodological approach to the assessments, dismissal of the petition is required (see Matter of Adams v Schoenstadt, 57 AD3d at 1074-1075; see generally Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau, 202 AD2d at 420). Further considering that petitioners' declaratory judgment cause of action — seeking a declaration of a specific assessment valuation of the relevant parcels — was entirely dependent on the success of their CPLR article 78 challenge to the lawfulness of the existing assessment, that cause of action

_____

[2]  Petitioners concede, on this appeal, that the assessment methodology that was actually employed "is an enigma" to them.

does not survive petitioners' failure to state a methodological
challenge.  This determination renders the issues of the
timeliness of the petition and petitioners' standing academic.

        Peters, P.J. and Clark, J., concur.


Egan Jr., J. (concurring).

        Given the nature of petitioners' challenge, we agree that a
CPLR article 78 proceeding is an improper forum and, therefore,
Supreme Court properly granted respondents' motions to dismiss
the petition/complaint.  That said, we write separately to
express our belief that, as a threshold matter, petitioners lack
standing to challenge the valuation and assessment imposed upon
the subject parcels by respondent City of Glens Falls Assessor in
the first instance.  Simply put, a school district is neither a
taxpayer nor a property owner; therefore, it is precluded from
challenging the taxable value of real property (see generally
Board of Educ. of Goshen Cent. School Dist. v Town of Wallkill
Indus. Dev. Agency, 222 AD2d 475, 476 [1995], lv denied 87 NY2d
811 [1996]).  Indeed, "a school district is required to base the
tax it lev[ies] upon the assessment rolls of the municipalities
within its boundaries; it is without power to question the
assessments or the method of arriving at the assessed valuation"
(Xerox Corp. v Town of Webster, 131 Misc 2d 817, 820 [Sup Ct,
Monroe County 1986]; see RPTL 1302; see also Matter of District
Three IUE Hous. Dev. Fund Corp. v Buckley, 74 Misc 2d 1078, 1080-
1081 [Sup Ct, Rensselaer County 1973]).  While a school district
undeniably has an interest in the valuation and assessment
figures imposed by the relevant assessor and may intervene and
join in the defense of a tax certiorari proceeding brought by a
property owner challenging its tax assessment (see RPTL 712;
Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor,
15 AD3d 759, 760 [2005]), it enjoys no standing to initiate its
own proceeding to challenge an assessment.  For that reason, we
would affirm the Supreme Court's judgment but on a different
ground.

        Devine, J., concurs.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court