McCarthy, J.
Cross appeal from a judgment of the Supreme Court (Krogmann, J.), entered August 12, 2014 in Warren County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted respondents’ motions to dismiss the petition/complaint.
Respondent City of Glens Falls is divided into two school districts — petitioner Glens Falls City School District (hereinafter petitioner School District) and respondent Glens Falls Common School District. Respondent Finch Paper LLC owns, among other things, two adjacent parcels of real property over which certain buildings and structures span. Parcel 1 is located within petitioner School District’s taxing district, and parcel 2 is located within the taxing district of the Glens Falls Common School District. In 2005, respondent City of Glens Falls Assessor conducted a citywide revaluation and assessment. On July 1, 2012, the Assessor filed the final tax roll for the City and listed the value of parcel 1 as $7,550,000 and the value of parcel 2 as $25,149,700. Thereafter, petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action challenging the valuation and allocation of the assessed value of parcels 1 and 2. Respondents subsequently moved to dismiss the petition/complaint. Supreme Court granted respondents’ motions to dismiss on the basis of timeliness. Petitioners now appeal, and respondents cross appeal.[1]
*1057 We affirm on the basis that a CPLR article 78 proceeding is an improper forum for petitioners’ contentions. A challenge to a property assessment alleging illegality, overvaluation or inequality with respect to assessments must be brought pursuant to RPTL article 7 (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204 [1991]). However, a CPLR article 78 proceeding is appropriate where a petitioner raises a challenge as to the taxing authority’s jurisdiction, the method utilized in the assessment or the legality of the tax itself (see Turtle Is. Trust v County of Clinton, 125 AD3d 1245, 1246 [2015], lv denied 26 NY3d 912 [2015]; Matter of Adams v Schoenstadt, 57 AD3d 1073, 1074 [2008], lv dismissed 12 NY3d 769 [2009]).
As to the methodology exception, a CPLR article 78 proceeding is proper only if the challenge is directed at “a policy or practice” governing assessments, rather than discrete valuation determinations (Matter of General Elec. Co. v MacIsaac, 292 AD2d 689, 691 [2002]; see Matter of Adams v Schoenstadt, 57 AD3d at 1074). Mere allegations that the attack is on a methodology rather than on individual determinations are insufficient to relieve a petitioner of its obligation to pursue relief pursuant to RPTL article 7 (see Matter of Adams v Schoenstadt, 57 AD3d at 1075; Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau, 202 AD2d 417, 419-420 [1994], lv denied 83 NY2d 757 [1994]).
Even granting petitioners’ allegations a liberal construction and giving them the benefit of every reasonable inference, petitioners fail to challenge any assessment methodology. While petitioners factually allege that discrete determinations regarding the assessments of parcels 1 and 2 were erroneous, they fail to identify a particular methodological approach — that is, any rule applied as a policy or practice in assessments generally — that they allege was improper.[2] Given this failure to identify and challenge any methodological approach to the assessments, dismissal of the petition is required (see Matter of Adams v Schoenstadt, 57 AD3d at 1074-1075; see generally Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau, 202 AD2d at 420). Further considering that petitioners’ declaratory judgment cause of action — seeking a declaration of a specific assessment valuation of the relevant parcels — was entirely dependent on the success of their CPLR article 78 challenge to the lawful *1058 ness of the existing assessment, that cause of action does not survive petitioners’ failure to state a methodological challenge. This determination renders the issues of the timeliness of the petition and petitioners’ standing academic.
Peters, P.J. and Clark, J., concur.

. Given that respondents were not aggrieved by Supreme Court’s dismissal of the petition, we dismiss their cross appeals (see Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie, 126 AD3d 1094, 1095 n 2 [2015]; Matter of Covel v Town of Peru, 123 AD3d 1244, 1245 n [2014]). Nonetheless, we consider respondents’ arguments as alternative grounds for affirmance (see Matter of Thornton v Saugerties Cent. Sch. Dist., 121 AD3d 1253, 1254 n 1 [2014]).

. Petitioners concede, on this appeal, that the assessment methodology that was actually employed “is an enigma” to them.