Matter of Groll v Board of Assessment Review of the Town of Del. (2020 NY Slip Op 02959)





Matter of Groll v Board of Assessment Review of the Town of Del.


2020 NY Slip Op 02959


Decided on May 21, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 21, 2020

528558 529065

[*1]In the Matter of Michael Groll et al., Appellants,
v
Board of Assessment Review of the Town of Delaware et al., Respondents, et al., Respondents. (Proceeding No. 1.)
In the Matter of James C. Jefferson et al., as Assignees of Barry Berson et al., Appellants,
v
Board of Assessment Review of the Town of Delaware et al., Respondents, et al., Respondents. (Proceeding No. 2.)
In the Matter of Michael Groll et al., Appellants,
v
Board of Assessment Review of the Town of Delaware et al., Respondents, et al., Respondents. (Proceeding No. 3.)

Calendar Date: March 27, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Richard A. Stoloff PLLC, Monticello (Richard A. Stoloff of counsel), for appellants.
The Vincelette Law Firm, Albany (Daniel G. Vincellete of counsel), for Board of Assessment Review of the Town of Delaware and others, respondents.



Egan Jr., J.
Appeals from two judgments of the Supreme Court (McGuire, J.), entered January 30, 2019 and April 12, 2019 in Sullivan County, which, in three proceedings pursuant to CPLR article 78 and RPTL article 7, among other things, partially granted certain respondents' motions to dismiss the petitions.
In 2016, respondent Town of Delaware commenced a four-year reassessment program (see RPTL 1573), which provided for a Town-wide revaluation of its 2016 tax assessment roll pursuant to the State Reassessment Aid Program, to be followed by a partial inventory collection in 2017 to facilitate corrections and necessary adjustments to the valuations of certain parcels of property as a result of the 2016 revaluation. In 2017, in conformity therewith, respondent Renee Ozomek, the Town Assessor, conducted a partial inventory collection, which resulted in changes to the assessed value of 666 of the 1,929 taxable parcels of property within the Town.
Petitioners Michael Groll and Terry Groll own a 5.02-acre lakefront parcel of real property within the gated development of Kenoza Lake Estates. Pursuant to the Town's 2016 tax assessment roll, the Grolls' parcel was valued at $1,072,600. Following the 2017 partial inventory collection, the assessed value of the Grolls' parcel was increased to $1,400,000. That valuation remained the same in the Town's 2018 final tax assessment roll. Petitioners James C. Jefferson and Erica Jefferson own a separate 5.05-acre lakefront parcel of real property within Kenoza Lake Estates, which they purchased from the previous owners, petitioners Barry Berson and Marsha Berson.[FN1] Pursuant to the Town's final 2016 tax assessment roll, the Bersons' parcel was valued at $662,000. Following the 2017 partial inventory collection, the assessed value of the Bersons' parcel was increased to $760,600. Following the 2017 updated assessment, both the Grolls and Bersons filed grievances with the Town challenging their updated assessments; said grievances were denied.
In July 2017, the Grolls and Bersons each separately commenced hybrid CPLR article 78 and RPTL article 7 proceedings (proceeding Nos. 1 and 2) against the Town, Ozomek and respondent Board of Assessment Review of the Town of Delaware (hereinafter collectively referred to as the Town respondents) challenging the Town's 2017 update of the Town's final tax assessment roll. The Grolls and Bensons contend that they are entitled to a reduction of their parcels' 2017 assessments to the previous 2016 levels because, in performing the 2017 inventory collection and update, the Town and Ozomek used improper and unconstitutional assessment methodologies resulting in the unequal treatment of properties within the Town. In October 2017, the Grolls and Bersons amended their petitions to add the County of Sullivan and the Sullivan West Central School Districts as respondents.[FN2] The Town respondents thereafter moved to dismiss the amended petitions, arguing, as relevant here, that they failed to state a cause of action with respect to the CPLR article 78 claims set forth therein (see CPLR 3211 [a] [7]). The Grolls and Bersons opposed the motions and cross-moved to consolidate proceeding Nos. 1 and 2 and for permission to supplement their amended pleadings with an affidavit and report from their appraiser. Following oral argument, in January 2019, Supreme Court issued a joint decision wherein it denied the cross motion in its entirety, granted the Town respondents' motions to the extent of dismissing the CPLR article 78 claims for failure to state a cause of action, and denied the Town respondents' motions to the extent that it sought dismissal of the RPTL article 7 causes of action.[FN3]
In the interim, while the motions in proceeding Nos. 1 and 2 were pending, in July 2018, the Grolls and the Jeffersons, as assignees of the Bersons (hereinafter collectively referred to as petitioners), commenced a third hybrid CPLR article 78 and RPTL article 7 proceeding (proceeding No. 3), challenging the Town's 2017 and 2018 updates to the tax assessment roll.[FN4] The Town respondents subsequently moved to dismiss this petition and, following receipt of petitioners' opposition, Supreme Court, in an April 2019 judgment, granted the motion to the extent of dismissing the cause of action seeking relief pursuant to CPLR article 78 and denied the motion to the extent it sought dismissal of the remaining RPTL article 7 claims. Petitioners appeal from the January 2019 and April 2019 judgments.
Petitioners contend that Supreme Court erred in granting the Town respondents' motions to dismiss their CPLR article 78 claims in all three proceedings for failure to state a cause of action. We disagree. Generally speaking, "[a] challenge to a property assessment alleging illegality, overvaluation or inequality with respect to assessments must be brought pursuant to RPTL article 7" (Matter of Glens Falls City Sch. Dist. v City of Glens Falls, 135 AD3d 1056, 1057 [2016], lv denied 27 NY3d 903 [2016]; see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204 [1991]; Matter of Adams v Schoenstadt, 57 AD3d 1073, 1074 [2008], lv dismissed 12 NY3d 769 [2009]). However, "CPLR article 78 proceedings are proper in tax assessment cases . . . where a petitioner challenges the jurisdiction of the taxing authority, the method employed in the assessment or the legality or constitutionality of the tax itself" (Matter of Cassos v King, 15 AD3d 758, 758 [2005]; see Matter of Glens Falls City Sch. Dist. v City of Glens Falls, 135 AD3d at 1057; Turtle Is. Trust v County of Clinton, 125 AD3d 1245, 1246 [2015], lv denied 26 NY3d 912 [2015]). Where, as here, a petitioner's challenge concerns methodology, "a CPLR article 78 proceeding may not be brought unless the challenge is based upon the method employed in the assessment of several properties, thereby establishing a policy or practice" (Matter of General Elec. Co. v MacIsaac, 292 AD2d 689, 691 [2002] [internal quotation marks and citation omitted]).
Although petitioners purport to challenge the various methodologies that the Town utilized in updating the 2017 final tax assessment roll, "mere allegations, unsupported by evidentiary matter, that the attack is on the methods employed rather than individual evaluations, are not enough to relieve [petitioners] of the obligation to pursue their relief via the provisions of [RPTL article 7]" (Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau, 202 AD2d 417, 419 [1994] [internal quotation marks, brackets and citations omitted], lv denied 83 NY2d 757 [1994]; see Matter of Glens Falls City Sch. Dist. v City of Glens Falls, 135 AD3d at 1357). Here, the gravamen of petitioners' claims is that the valuation of their respective properties in the 2017 and 2018 final tax assessment rolls was excessive and unequal, which claims strike at the equality of the Town's application of the cited methodologies and the ultimate valuations that were derived therefrom, as opposed to an attack on the methodologies themselves (see Matter of Glens Falls City Sch. Dist. v City of Glens Falls, 135 AD3d at 1357; Matter of Adams v Schoenstadt, 57 AD3d at 1074; Matter of General Elec. Co. v MacIsaac, 292 AD2d at 691; Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau, 202 AD2d at 419-420). Accordingly, the sole avenue for petitioners to obtain the relief they seek is to pursue their claims, as they have, via a RPTL article 7 proceeding. Accordingly, we find that Supreme Court properly granted the Town respondents' motions to dismiss petitioners' CPLR article 78 claims in all three proceedings
We are unpersuaded by petitioners' contention that Supreme Court should have granted their cross motion to consolidate proceeding Nos. 1 and 2. It is well settled that a motion to consolidate is "addressed to the sound discretion of the trial court" (Government Empls. Ins. Co. v Uniroyal Goodrich Tire Co., 242 AD2d 765, 766 [1997]; see CPLR 602 [a]; Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 975 [2016], appeal dismissed 28 NY3d 1051 [2016], lv denied 29 NY3d 907 [2017]). Here, although petitioners' claims involve similar questions of law, their respective claims ultimately rely on unique facts with respect to each parcel's location, characteristics and valuation. Accordingly, we discern no abuse of discretion in Supreme Court's denial of their cross motion to consolidate (see Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d at 975).[FN5] We likewise find no error in Supreme Court's denial of petitioners' cross motion to supplement their pleadings with the affidavit and report of a general appraiser/assessor. Petitioners RPTL article 7 claims remain and any appraisal reports concerning the subject parcels can and should be filed and exchanged by the parties pursuant to 22 NYCRR 202.59 (g). To the extent not specifically addressed herein, petitioners' remaining claims have been reviewed and found to be without merit.
Garry, P.J., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgments are affirmed, without costs.



Footnotes

Footnote 1: The Jeffersons purchased this property from the Bersons in July 2018. The Bersons thereafter assigned all claims and causes of action set forth in proceeding No. 2 to the Jeffersons, which assignment preceded Supreme Court's January 2019 judgment in proceeding Nos. 1 and 2.

Footnote 2: The County of Sullivan and the Sullivan West Central School District did not answer or otherwise appear before Supreme Court nor have they participated in the instant appeal.

Footnote 3: The Town respondents' motions to dismiss did not specifically request dismissal of the Grolls' and Bensons' RPTL article 7 claims; however, Supreme Court, "out of an abundance of caution" nevertheless addressed the relief sought therein.

Footnote 4: Said petition was filed after the Town denied both the Grolls' and Bersons' grievances challenging their assessments as set forth in the Town's 2018 final tax assessment roll.

Footnote 5: Nor do we find that Supreme Court abused its discretion in not sua sponte joining the petitions for a joint trial as petitioners did not specifically request said relief (see RPTL 710).